Boyd v. Chambers.

CASE 30—PETITION ORDINARY—NOVEMBER 1.

# Boyd v. Chambers.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. It never was intended by section 41, article 4, of the constitution, to take from the legislature the power to enlarge the boundaries of towns in existence at the time the constitution was adopted, nor to alter or abolish the courts therein, when the law-making power should deem it for the benefit of the inhabitants.

2. Cities and towns are creatures of the legislature, and the power exists in that department to abolish the courts therein, and even to destroy their corporate existence by a repeal of their charters, but not with the effect of relieving them from their liabilities to others.

3. Where the charter of a city has been repealed, and a new act of incorporation granted, it is the creation of a new city government, with its civil and police jurisdiction, as well as the manner of electing all of its officers, when not in violation of the constitution.

4. The corporate existence of the city of Owensboro does not depend upon any legislation prior to 1866, and the appellant, claiming the office of city judge under an election not authorized by the city charter, cannot recover it.

MESSRS. WILLIAMS & POWERS FOR APPELLANT.

It was clearly intended by section 41, article 4, of the constitution, to prescribe the qualifications, term of office, and time and manner of electing judges of all police and city courts, whether established before or after the adoption of the constitution. (Section 41, art. 4, constitution; Hall v. Hostetter, 17 B. Mon., 784; City of Owensboro v. Webb, 2 Met., 576; Maysville v. Shultz, 3 Dana, 10.)

MESSRS. LITTLE & SLACK FOR APPELLANT.

The constitutional power of the legislature to change the time for the election of police judge of Owensboro from August to April is denied. (Sec. 41, art. 4, of the constitution is upon this point conclusive.)

W. N. SWEENEY FOR APPELLEE.

The original charter establishing the town of Owensboro is not in existence, and the legislature, in its discretion, has established a new corporation, fixing the time at which the police judge is to be elected. The 41st section, article 4, of the constitution does not inhibit the legislation granted by the act of February, 1866. (Section 38, art. 4, constitution; charter city of Owensboro, approved February, 1866; section 6, article 6, of constitution)

Boyd v. Chambers.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, claiming to have been duly elected, commissioned, and qualified to the office of city judge of the city of Owensboro, instituted the present action against the appellee to prevent the usurpation of that office, and to compel the latter to surrender the office and records to him, &c. This character of action is authorized by sections 483 and 487 of the Civil Code.

It is alleged in the petition that the appellant was duly elected to the office in question, by the qualified voters of the city of Owensboro, on the first Monday in August, 1878; that he had been commissioned by the Governor; had taken the oath prescribed by law; executed his bond; and when attempting to enter on the duties of the office found appellee in possession of the records, claiming to act and to be the rightful incumbent, and was then exercising the powers and receiving all the emoluments of the office; that he refused to surrender on demand, although he had no right or title to the office.

A general demurrer was filed to the petition and sustained by the court below, the petition dismissed, and from that judgment the appeal is prosecuted. The single question in the case is, was the appellant legally elected and qualified to the office of city judge under the constitution and laws of the state. Section 41 of article 4 of the constitution provides as follows: "The city court of Louisville, the Lexington city court, and *all other police courts* established in any city or town, shall remain, until otherwise directed by law, with their present powers and jurisdiction, and the *judges, clerks*, and marshals of *such* courts shall have the same qualifications, and shall be elected by the qualified voters of such cities or towns, at the same time and in the same manner,

and hold their offices for the same term as county judges, clerks, and sheriffs, respectively, and shall be liable to removal in the same manner. The general assembly may vest judicial powers, for police purposes, in mayors of cities, police judges, and trustees of towns."

The appellant maintains that the election of city judge is regulated by this provision of the constitution, and, on the other hand, it is claimed for the appellee that the election of that officer, as to time, qualifications, &c., is regulated alone by the charter of the city, approved in February, 1866. The 4th section of the charter, or act of incorporation, passed in February, 1866, provides for a city judge, and the 25th section provides for his election on the first Monday in April succeeding, and biennially thereafter. His jurisdiction and powers are also clearly defined, and under this provision of the charter that officer has been elected since April, 1866, and the appellee is holding by virtue of an election held under the charter.

The 6th section of article 6 of the constitution provides, that "officers for towns and cities shall be elected for such terms, and in such manner, and with such qualifications as may be prescribed by law." It is insisted by counsel for the appellant that the case of the Trustees of Owensboro v. Webb is decisive of this case, and the clause of the constitution last quoted has no application to cities and towns incorporated at the time the constitution was adopted, and that *such* cities or towns as then had police courts organized, or courts with like jurisdiction, must be controlled in the election of such officers by section 41 of article 4 of the constitution. Although the case relied on conduces to sustain this view of the question, it is not necessary, if even deemed proper, to question the authority of that case or the conclu-

·sion reached by it, as the constitutionality of the act of
February, 1866, can be maintained on other grounds. It
was never intended by section 41 of article 4 of the consti-
tution to take from the legislature the power to enlarge the
boundaries of towns in existence at the time of the adoption
·of the constitution, or to alter and abolish the courts as often
and in such manner as might be deemed best for its inhabi-
tants.

The increase of population or the commercial interests of
the town might require that the judicial powers of its courts
.should be enlarged and the judicial system so changed as to
abolish the police court not only in name but in fact. Cities
and towns are mere creatures of the legislature, and the
power exists in that department of the state government not
·only to abolish the courts but to destroy the existence of the
·corporation by a repeal of its charter. These inferior courts,
not being the creatures of the constitution, it was never in-
tended to deprive the legislature of the power to regulate
and control by proper legislation all the machinery necessary
to the existence of such municipalities. With the power to
even abolish the city government of Owensboro, there can
be no constitutional objection to a change of the jurisdiction
·of the courts held in and for the city, or to take from it all
of its original corporate powers and to create a new and dis-
tinct act of incorporation. In this case there was an express
repeal of the old charter by the act of 1866, and the crea-
tion of a new city government. The increasing population
·of this, thriving town, with its commercial advantages, had
necessitated a change in its organic law. It had grown to
be a city not only in name but in fact, and the old corpora-
tion, by the act of February, 1866, ceased to exist. As long
as the original act of incorporation existed, it may be said

that the provision of the constitution controlled the election and qualifications of the police judge.

The legislature, by the act of 1866, evidently intended to create a new corporation and abolish the old one; and while the distinction as to jurisdiction between the police court as created by the original charter and the city court as created by the charter of 1866 may be more ideal than substantial, it is no less clear that the purpose of the legislature was to create a new city government by the act under which the appellee holds. That act was not simply an amendment of the old charter, but every section and feature of the old charter was remodeled and the old one expressly abolished. The language used by this court in the case of the City of Maysville v. Shultz, 3 Dana, has no application to the question being considered. In that case, the question was as to the liability of the city for its debts created prior to the change made in the act of incorporation. This court said that a change in the act of incorporation by which Maysville was made a city did not affect its liability for the debts created by Maysville when a town, and that a debt due by the town was a debt due by the city. "No change in its form of government can extinguish the obligations of a community or nation." It was in discussing that question that the court said: "Everything which constitutes substantial identity remains the same." The court could not have held in that case that the powers of the corporation were similar, or that no change had been made in the municipal government.

If the corporation had been abolished, its inhabitants would have been liable for its debts, if properly contracted. The fact that a city or town was in existence at the time the constitution was formed does not take from the legislature the power to legislate so as to destroy, if necessary, the city

Boyd v. Chambers.

government; and when its charter has been repealed, and a new and distinct act of incorporation obtained, it is the creation of a new city government, with its civil and police jurisdiction, as well as the manner of electing all of its officers, controlled by its charter, when not in violation of the constitution. The act of February, 1866, is entitled, "An act to incorporate the city of Owensboro, in Daviess county," and by a subsequent provision of the charter, "other acts coming within the purview of this act are hereby repealed."

In order to make the provision of the constitution under which appellant claims control the question involved in this case, the legislature must be denied the right to abolish the charter of a town or city existing at the date of the constitution, and at the same time given supreme power over all such corporations created since its adoption. Such is not a proper construction of the provision of the organic law applicable to cities and towns. The power of the legislature to change or abolish such corporations at pleasure, when deemed for the public good, cannot be denied; but this right to destroy does not imply the existence of the power on the part of the legislature to relieve a city or town from its liabilities to others by a repeal of the charter. The corporate existence of the city of Owensboro does not depend on any legislation prior to the act of 1866. This is an original and independent enactment, and it is this charter alone that authorizes the election of city judge. The appellant, claiming to hold under an election not authorized by the charter, is not entitled to the office.

Judgment affirmed.