LINCOLN BUTTER COMPANY V. EDWARDS-BRADFORD LUMBER COMPANY.

FILED MAY 3, 1906.   No. 14,160.

1. Corporations: ACTIONS. After the dissolution of a corporation by the expiration of its franchise, or otherwise, an action may be maintained in the corporate name upon a cause of action which accrued to the corporation.

2. ————: ATTACHMENT: ESTOPPEL. When the required number of individuals attempt in good faith to organize a corporation, and for that purpose sign articles of incorporation which contain substantially the provisions required by statute, and file the same with the county clerk of the proper county and proceed to do business as a corporation in the name adopted by the articles, one who transacts business with such company in its corporate name will not be allowed to deny its existence as a corporation *de facto;* and if, in an action against the company in its corporate name, he attaches its property upon a claim arising from business so transacted, he will not be allowed to deny that the business of the company was conducted by it in its corporate capacity.

ERROR to the district court for Lancaster county: AL-BERT J. CORNISH, JUDGE. *Reversed.*

*John S. Bishop* and *Charles O. Whedon,* for plaintiff in error.

*Tibbets & Anderson* and *Talbot & Allen, contra.*

SEDGWICK, C. J.

The determination of this case depends upon the capacity of the plaintiff to maintain the suit. The plaintiff in its petition in the court below alleged that it is a corporation, and it began this action as such. The evidence shows that three individuals in Lancaster county prepared and signed articles of incorporation. These articles of incorporation they filed for record in the office of the county clerk of Lancaster county, and proceeded at once to transact business in the corporate name adopted by the articles. The articles provided that "the nature of the business to be transacted by said corporation shall be the buying, reworking, making butter from cream and selling butter, and handling eggs, game or produce as may be deemed necessary, also the erection and maintenance of such buildings and structures as may be deemed necessary and to purchase real estate as a sight (site) therefor." By-laws for the government of the corporation were also prepared and signed by two of the individuals who executed the articles of incorporation. The capital stock authorized by the articles was $1,000, in shares of $50 each "to be subscribed and paid as required by the board of directors." There is no evidence when or by whom this stock or any part of it was subscribed and paid for. There is no evidence of any meeting of the stockholders or any election of officers. Mr. Robertson, who was one of the parties who executed the articles, is shown by the record to have acted as manager for the company. He purchased a creamery outfit and removed it to Brock, where he commenced transacting business in the name adopted by the articles, the "Lincoln

Butter Company." He employed "a butter worker," and appears to have transacted a considerable business until a few months later when the attachment proceedings hereinafter referred to were begun. Mr. Neuman, from whom the creamery outfit was purchased, testified that Mr. Robertson represented himself to the witness as the Lincoln Butter Company, and that Mr. Robertson afterwards took possession of the machinery for the Lincoln Butter Company. A note and chattel mortgage were given for the purchase of the machinery. These papers were executed by Mr. Robertson and the Lincoln Butter Company was not named therein. To explain this fact, Mr. Robertson testifies that the parties from whom he purchased required the papers to be so executed because they thought that the securities would be better if executed by an individual than if given by a corporation.

The articles of incorporation were rot filed with the secretary of state, nor was the statutory notice of incorporation published. When the foregoing facts appeared in evidence, the defendant moved to dismiss the case "for the reason that it is shown by the evidence and admissions already made that the corporation that purports to sue in this case as plaintiff was never legally organized, and never became a *de jure* or *de facto* corporation, and for the further reason that the evidence shows that the corporate existence, if it had any corporate existence, has expired." The plaintiff then made extensive and various offers of proof. Among other things offered in evidence was a certified transcript of the record of the proceedings in justice court in which the defendant had procured an attachment against the plaintiff herein, and had caused the property of the plaintiff to be attached. It was to recover damages arising from this attachment that this action was brought. The evidence offered showed that this defendant had begun an action against the plaintiff in justice court, in which it filed an affidavit for attachment against the "Lincoln Butter Co. and W. M. Robertson, Jr., M'gr." The ground for attachment alleged in the affidavit was "that the de-

fendant is about to convert his property or a part thereof for the purpose of defrauding his creditors." This evidence was excluded by the court and all of the other evidence offered by the plaintiff was also excluded. The reason given by the court for this ruling was entered upon the record in the following language: "For the reasons given in the objection to the testimony, and it appearing to the court that this suit was not begun until January 22, 1903, after the corporation was dissolved by operation of law, the objection is sustained." The objection of the defendant referred to had been renewed and restated in these words: "The defendant objects to the offer made for the reason the petition fails to state a cause of action in favor of the plaintiff and against the defendant; for the further reason that upon the evidence already adduced and admissions of counsel it is shown that the plaintiff never had at any time a legal corporate existence and had no capacity to sue. Furthermore, upon the evidence already adduced, it is shown that the charter, if any ever existed, of the plaintiff has expired; that there is a defect of parties plaintiff, and that the plaintiff has no standing in court to bring the action set forth in plaintiff's petition." The articles of incorporation provided that the corporate franchise should continue two years, which time had expired when the action was begun, and this is the principal reason given by the court for sustaining the objection. Of course, the fact that the time specified for the existence of the corporation had expired would furnish no grounds for the ruling of the court. Section 67, ch. 16, Comp. St. 1905, provides: "Any corporation created by this chapter may, at any time after its dissolution, whether such dissolution occur by the expiration of its charter or otherwise, prosecute any suit at law or in equity, in and by the corporate name of such dissolved corporation, for the use of the party entitled to receive the proceeds of any such suit, upon any and all causes of action accrued, or which, but for such dissolution, would have accrued in favor of such corporation, in the same manner and with the like effect as if such corpora-

tion were not dissolved." The fact, however, that the trial court gave an insufficient reason for its ruling will not render that ruling erroneous, and the question is whether the ruling can be supported by any reason. If the evidence offered, together with that already given, would show the competency of the plaintiff to maintain this action against the defendant, the ruling of the court was erroneous.

Section 144, ch. 16, Comp. St. 1905, provides: "No body of men acting as a corporation under the provisions of this subdivision shall be permitted to set up the want of legal organization as a defense to any action brought against them as a corporation; nor shall any person sued on a contract made with such corporation, or for an injury to the property of such corporation, be permitted to set up the want of legal organization in defense of such action." It is urged that corporate existence is not established by proof of acts of the members that are as consistent with the existence of an unincorporated association as of a corporation. There is no doubt of this proposition. It is clearly stated in *Fredenburg v. Lyon Lake M. E. Church*, 37 Mich. 476. All that was shown in that case was that the associates held the ordinary meetings of a religious society, and that they elected officers; among which was the plaintiff, as treasurer. There was no evidence that any articles of incorporation had ever been signed by the associates and filed for record in the public office prescribed by law. The court said:

"Indeed, the evidence in the court below, taken together, tended very strongly to show that no corporation had ever been formed, and that the associates had not seen fit to avail themselves of the authority of the statute for that purpose."

In the case at bar it is clearly shown that the associates attempted to avail themselves of the authority of the statute. They appear to have acted in good faith, though mistakenly, in their attempts to form a *de jure* corporation. After they had so imperfectly organized, they began doing

34

business in the name of the supposed corporation, and, while it may be true that this business might have been done in that way without incorporation, we think, in view of the provisions of the statute above quoted, one who had prosecuted an action against them in that corporate name, and in that action had attached their property, could not be heard, in an action for damages arising out of such attachment, to allege that the business had not been conducted as corporate business, and that the transactions which were suitable and proper to a corporate existence were not had and done by the plaintiff in its corporate capacity. After the court had excluded the evidence referred to, the jury were instructed to render a verdict in favor of the defendant. This verdict, for the reasons above given, cannot be sustained.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED.