CASE 7.—ACTION BY CLARA BLOCKER AGAINST THE CITY OF OWENSBORO AND OTHERS TO RECOVER DAMAGES FOR PERSONAL INJURIES.—May 14.

## Blocker v. City of Owensboro, &c.

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for defendants, plaintiff appeals — Affirmed.

1   Indemnity — Implied   Contracts — Municipal   Corporations   in

Streets—Liability of Persons Causing Obstructions to City.—
It is well settled that, although a person injured by an ob-
struction in a street may sue the city alone, or both the city
and the person who placed the obstruction in the street, and
recover damages against both, and look to either or both for
satisfaction of the judgment, yet as between the wrongdoers
the city may, if it is required to satisfy the judgment, recover
the amount thereof from the person who placed the obstruction
in the street.

2.  Mandamus — Subjects of Relief — Municipality — Payment of
Claims.—Where one recovered against a city and an owner of
property therein because of injuries sustained from obstruc-
tions on the sidewalk in front of such property, while she
could have collected the judgment from the property owner
by execution, she also had the right to collect it from the
city, and, it it failed to pay, to proceed by mandamus to
require it to pay the judgment from funds on hand, or levy
a tax to pay it.

3.  Judgment—Assignment—Rights of Assignee.—Where one re-
covered judgment against a city and an owner of property
therein because of injuries sustained from obstructions on the
sidewalk in front of such property, and thereafter such owner's
wife paid the judgment and took an assignment thereof, and
it was shown that the city had nothing to do with the obstruc-
tions, but that they were the result of the wife's erecting a
house on such property, and that she had notice of the suit
against her husband and the city, such wife could not recover
from the city the amount of the judgment; for, looking beneath
the surface, the facts clearly show that the purchase of the
judgment was not made in good faith by the wife, that it was
done under an arrangement with her husband so that he might
evade liability on the judgment, and that he was the real
purchaser.

4.  Costs — Items — Documentary Evidence.—A certain person for
injuries sustained recovered judgment against a city and a
property owner's wife paid the judgment, took an assignment
thereof, and afterwards sued the city to recover the amount
so paid.  In such second suit a transcript of the record in the
previous case, having been filed and made a part of the city's
answer, was considered as evidence by the court.  The tran-
script was not filed with the answer, however, until the wife
obtained a ruling against the city to file it, and no objection
or exception was made or taken to its competency or suffi-
ciency.  Ky. St. 1903, section 904, provides that "one copy of
the pleadings or exhibits obtained, shall be taxed as costs,

and the costs of any copies made exhibits." Civ. Code Prac. section 128, provides that a party m'ay file as an exhibit with his pleading at any time pending the action any writing upon which he may intend to rely as evidence. Held, that the fee for the transcript was a proper item to be included in taxing the costs against the wife.

5. Same.—In so taxing the costs, it made no difference that the transcript filed was an uncertified copy, and that it was a copy of a copy of the record instead of a copy of the original, because plaintiff, having allowed it to be read and considered by the court without exception or objection, could not afterwards raise any question as to its competency.

6. Same—Taxation—Waiver of Irregularities.—Plaintiff objected to paying for the transcript because defendant had a right to and could have produced the original record, thereby saving plaintiff the unnecessary cost of a copy. Held that, as plaintiff did not complain of this matter on the trial, and as the transcript was filed on her motion and read without exception or objection, the ruling of the court in taxing the costs should not be disturbed.

7. Evidence—Documentary Evidence—Judicial Records.—It is permissible for the parties to a suit to introduce in the trial of the case any original record in the clerk's office of the court in which the case is being tried, without subjecting them to the expense of procuring a copy, and that the court trying the case may direct that this be done.

LITTLE & SLACK for appellant.

POINTS CONTENDED FOR BY APPELLANT.

1. Mandamus is the appropriate remedy to enforce payment of a judgment against a municipal corporation where remedy, by execution, is not avoidable. (19 A. & E. Ency. of Law, 800, (2d Ed.)

2. A remedy against a third person will not have the effect of defeating the right to mandamus against a municipality. (19 A & E. Ency. of Law, 746 (2d Ed.); Williams v. Clayton, 6 Utah, 860; American Bridge Company v. Wheeler, 35 Wash., 40.)

3. Where the judgment is against a municipality and an individual jointly, the fact that the individual has property subject to execution, or is primarily liable to the municipality, is no bar to a mandamus to enforce the judgment against the municipality.

4. Both defendants are primarily liable to the plaintiff, and equally and severally bound to pay the judgment, and the judg-

Blocker v. City of Owensboro, &c.

ment may be enforced against either, or both, at plaintiff's option, nor can the plaintiff's rights be abridged in order to prevent a circuity of actions.   (19 A. & E. Ency. of Law, 802, (2nd Ed).: Palmer v. Stacey, 44 Iowa, 340.)

5. Under the pleadings in this case, the municipality is shown to be primarily liable for the injury, for which a joint judgment was rendered against it and another.

6. The record of the proceedings in the action in which the judgment was rendered, pleaded by appellee, fails to show that the other defendant was primarily liable, as between himself and appellee, for the injury.

7. The plea that appellant and the other defendant (J. J. Blocher) were jointly and primarily liable for the injury, is not sustained by the record.

8. The defense to the effect that appellant paid, instead of purchasing, the judgment, and that her purchase was not made in good faith, is not sustained, because every allegation of fact is denied, and there was no evidence heard upon the trial.

9. The appellant's motion to eliminate from the taxation of appellee's cost the sum of $59.10, paid by it for copy of transcript of record in the court of appeals, which it filed with its answer, as an exhibit, should have been sustained.

10. Appellee having withdrawn the demurrer, which it had filed to the petition, and then having filed an answer, is liable for all costs resulting subsequent to the filing of the demurrer, if it shall be held the petition failed to state a cause of action.   (Civil Code, section 93; Combs v. Pridmore, 19 Ky. Law Rep., 1936; Mast, Crowell & Kirkpatrick v. Lehman, 100 Ky., 464.)

LA VEGA CLEMENTS and BEN D. RINGO for appellees.

J. A. DEAN, of counsel.

POINTS AND AUTHORITIES.

1. There is no issue of fact presented by the record as to the conduct of defendant Blocher relied upon as negligence.   His action as pleaded in the petition and established by the evidence has uniformly been held to be negligence by this court.   (Dillon, Municipal Corporations, 1032; Note: Baumeister v. Markham, 101 Ky., 122; Covington S. M. & M. Co. v. Drexilius, 27 Ky. Law Rep., 905.)

2. It is no defense for Blocher that the situation of the dangerous obstruction which he confessedly left unguarded in the street was charged by the wrongful act of some third party. Nor

is it defensive as to him that he claims plaintiff was pushed uopn this dangerous obstruction by some other person. (Pugh v. C. & O. R. R. Co., 101 Ky., 77; Louisville Home Tele. Co. v. Gasper. 93 S. W., 1057, 29 Ky. Law Rep., 580; Whitman McNamara Tob Co. v. Wurm, 66 S. W., 609.)

3. The fact that plaintiff knew in a general way of the conditions about the place where she was injured does not preclude her right to recovery; it is to be considered by the jury only in determining the question of contributory negligence. (West Ky. Tele. Co. v. Pharis, 78 S. W., 917; City of Carlisle v. Screst, 25 Ky. Law Rep., 336.)

4. Liability of defendant city is established:

(a) By actual knowledge through its policeman and agent of the dangerous condition of the street resulting in plaintiff's injury.

(b) By its actual knowledge that its co-defendant was obstructing the street shown by its having issued a permit to him to do so, and being thereby chargeable with the duty, as to plaintiff, of seeking that he did not leave unguarded dangers upon the street.

(c) The long continued obstruction of the street at that point— shown to be a much used street near the heart of the city—charges the city as matter of law with constructive knowledge of the existence of the danger. (District of Columbia v. Woodbury, 131 U. S., 450, Book 34, L. E. p. 472; City of Carlisle v. Screst, 25 Ky. Law Rep., 336; City of Louisville. v. Keher, 79 S. W., 270, 25 Ky. Law Rep., 2003; Sherman & Redfield on Negligence, 367.)

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1906 Augusta Dieco, in an action brought by her against the city of Owensboro and J. J. Blocker, the husband of appellant, Clara Blocker, to recover damages for personal injuries sustained by obstructions on the sidewalk in the city over which she stumbled and fell, obtained a judgment for $500 and costs. The defendants in that action prosecuted an appeal to this court, where the judgment was affirmed. In 1907 Mrs. Dieco, in consideration of the sum of $672 paid her by Clara Blocker, assigned to her the judgment without recourse. Thereupon the appellant, Clara Blocker, brought this suit against the city

of Owensboro, setting up the purchase and assignment of the judgment and the fact that she had demanded payment thereof from the city, which was refused, and the further fact that the city had no property subject to execution, but did have in its treasury a sum sufficient to pay the judgment. She asked for a mandamus against the city and the mayor and board of councilmen, who were made parties defendant, requiring them to satisfy the judgment, and, if necessary, that they be compelled to levy a tax to pay the same. In its answer the city set up in substance that J. J. Blocker, the husband of Clara Blocker, was the owner of a lot in the city, and that he and his wife reconstructed the building, making additions and improvements thereto, and that while so engaged in the erection of the building they permitted bricks to be placed or fall on the sidewalk, and that Mrs. Dieco stumbled and fell over said bricks, causing the injuries for which she recovered judgment, and that the injuries sustained by her were due to the carelessness and negligence of Blocker and his wife, the appellant; that Clara Blocker had notice of the institution and prosecution of the suit of Mrs. Dieco against the city and Blocker, and, although not a party of record to the action, she was the real party in interest, and voluntarily paid the judgment, and afterwards procured the assignment, which was a mere pretense, and not made in good faith; that the judgment was satisfied and extinguished by the payment, which was made at the request of her husband, J. J. Blocker, and because she had the house in which the brick were used, over which Mrs. Dieco fell, reconstructed and built, and was in fact the owner thereof; and, furthermore, that J. J. Blocker owned ample property out of which an execution upon the

judgment could have been collected at any time. In a reply it was denied that appellant and her husband reconstructed or made the improvements on the lot referred to, or were engaged in reconstructing the building, or that the improvements were made for her, except that the building was erected by him at her instance, and she voluntarily furnished the money to pay for same. She denied the other material averments of the answer, and that she paid the judgment at the request of J. J. Blocker, or that the assignment of the judgment was not in good faith, and that the city as between it and J. J. Blocker was primarily liable for the damages. No other pleading was filed, and on motion of plaintiff, now appellant, the action was submitted to the court when upon the pleadings, and the exhibit filed with and as part of the answer. This exhibit consisted of a complete transcript of the record in the action of Mrs. Dieco against Blocker and the city. The court separated its conclusion of law and fact, and found the following facts: (1) That an action was instituted by Mrs. Dieco against the city and Blocker to recover damages; that a trial resulted in a judgment against both defendants, which judgment was affirmed by the Court of Appeals. (2) That Mrs. Blocker, wife of J. J. Blocker, paid the amount of the judgment to Mrs. Dieco, and took an assignment thereof, and afterwards brought this suit; that the house was being erected by appellant, and in the course of the work bricks were negligently placed in a position where they fell and incumbered the sidewalk, and the injuries to Mrs. Dieco were sustained in consequence of this negligence on the part of appellant and her agents; and that she had notice of the suit by Mrs. Dieco, and is chargeable with notice of the result and bound by the judgment. From these

facts the court concluded as a matter of law that appellant was concluded by the proceedings had in the case of Dieco against Blocker and the city as fully as if she was a party of the record; that, if the city had paid the judgment, it might have recovered the amount from the appellant on the principle that, when one is compelled by the judgment of a court of competent jurisdiction to respond in damages for the wrongful act or negligence of another, a cause of action arises in favor of the party who pays the judgment against the actual wrongdoer or party whose act of negligence produced the injury; that being primarily liable to Mrs. Dieco, if the city paid or satisfied the judgment, it could proceed against her and recover the amount thereof, and consequently her purchase of the judgment and the assignment thereof did not give her any right of action against the city.

The first question we need consider is whether or not the findings of fact by the trial court are supported by the record. If they are, his conclusion of law is correct. It is well settled that, although a person injured by an obstruction in the street may sue the city alone, or both the city and the person who placed the obstruction in the street, and recover damages against both, and look to either or both for satisfaction of the judgment, yet as between the wrongdoers the city may, if it is required to satisfy the judgment, recover the amount thereof from the person who placed the obstruction in the street. Dillon on Municipal Corporations, section 1035. As Blocker, one of the judgment defendants, was solvent, Mrs. Dieco, the judgment creditor, might have collected her judgment from him by execution, or have attempted to collect the same from the city, and, if it failed to pay, have proceeded by mandamus to require

it either to pay the judgment from funds on hand or levy a tax to pay the same.    Indeed no question is made by counsel for appellee that mandamus is not the proper remedy.    Palmer v. Stacy, 44 Iowa, 340; Am. & Eng. Ency. of Law, p. 800.    But back of this there is an issue, the settlement of which is decisive of the case.    The brick over which Mrs. Dieco fell were not placed in or upon or about the street by the city.    They were placed there by the persons constructing the building, or at any rate those persons were responsible for injuries caused by the obstruction.    The city had nothing to do with the construction of the building, and it had the right to recover from the original wrongdoers the amount it might have been required to pay to Mrs. Dieco.    And if Mrs. Blocker was jointly liable with her husband, or if the house was being erected for her, then the city, if required to pay the judgment, might have instituted an action against Blocker and his wife to recover the money so paid, or if the purchase of the judgment was in truth made by Blocker, acting through his wife as a willing agent, then neither of them can recover the amount so paid from the city.    If Blocker had himself satisfied the judgment, it is clear that he could not have succeeded in an action brought against the city to recover the money paid in settlement of the judgment, because as between himself and the city it was his duty to have paid it, and the city, if it satisfied it, might have recovered the amount from him.    And so if Mrs. Blocker was liable to the city, or if she satisfied the judgment for her husband by an agreement between them, in which she was acting for him, the judgment of the lower court was correct.

In the consideration of these questions we cannot overlook the fact that the appellant is the wife of J.

J. Blocker, who was undoubtedly liable to the city for the amount of the judgment, and the inference is very persuasive that Blocker furnished the money to his wife to satisfy the judgment, or prevailed on her for and in his behalf and to protect his property from levy and seizure to satisfy it. It is difficult in this transaction to separate Blocker and his wife. If a stranger had bought the judgment, he could have prosecuted an action against the city to recover it, and in turn the city could have proceeded against Blocker. The transaction has every appearance of being an effort upon the part of Blocker, aided and assisted by his wife, to evade the payment of the judgment. In cases of this character we are not necessarily confined to what appears on the face of the record. We have the right to look beneath the surface to ascertain the truth of the matter being investigated, and to adjudge the case as appears right from an understanding of its substance. Under the facts of this record our conclusion is that the purchase of the judgment was not made in good faith by Mrs. Blocker; that it was done under an arrangement or agreement with her husband, and he was the real purchaser.

Upon the trial in the lower court, a transcript of the record in the case of Dieco against the city of Owensboro and Blocker was considered as evidence by the court. This transcript was filed and made a part of the answer of appellee, but was not filed with the answer, nor until the appellant obtained a rule against the appellee to file it. No objection or exception was made or taken to the competency or sufficiency of the transcript as filed. After the judgment was rendered the clerk taxed the fee for the transcript as a part of the costs against appellant, who

thereupon moved the court to correct the taxation of costs and strike from it this item. This motion was overruled, and we are now asked to review the ruling of the lower court in this particular. Section 904 of the Kentucky Statutes of 1903, provides in part that "one copy of any of the pleadings or exhibits obtained shall be taxed as costs, and the cost of any copies made exhibits." And in section 128 of the Civil Code of Practice it is provided that, "in addition to the writings which a party is required by section 120 to file as the foundation of his action or defense, he may file as an exhibit with his pleading or with leave of court at any time pending the action any writing upon which he may intend to rely as evidence." The defense of appellee was rested upon the evidence and proceedings taken and had in the case of Dieco against Blocker and the city, and we are of the opinion that the city in this case had the right to file as a part of its answer a copy of this record, and therefore it was proper to tax it as costs under the provisions of the statute, supra. The point is made that the transcript filed was an uncertified copy, and for this reason it was not competent as evidence; and, further, that it was a copy of the transcript filed in the clerk's office of the Court of Appeals, made from the original record on file in the Daviess circuit court, and therefore it was a copy of a copy, and not a copy of an original record, and hence incompetent. It is also said that, as the original record was in the Daviess circuit court at the time this action was tried, the plaintiff should have produced it, as it has a right to do, to be read as evidence, thereby saving appellant the unnecessary cost of a copy. In answer to the objection that the copy was not certified, and that it was a copy of a copy of the record, and for these

reasons not competent, it is sufficient to say that it was read and considered by the court without exception or objection, and it is now too late to raise any question as to its competency. In respect to the point that appellee might have used the original record in the Daviess circuit court, we are of the opinion that it is permissible for the parties to a suit to introduce on the trial of the case any original record in the clerk's office of the court in which the case is being tried, without subjecting them to the expense of procuring a copy, and that the court trying the case may direct that this be done. But appellant did not ask this or make any question about the matter until after the case had been heard and disposed of; and as the transcript was filed upon motion of appellant, and read without exception or objection, we do not feel at liberty to disturb the ruling of the circuit court.

Upon a consideration of the entire case, the judgment is affirmed.