## Western Union Telegraph Company v. City of Louisville.

(Decided October 27, 1914.)

### Appeal from Jefferson Circuit Court (Common Pleas No. 3).

1. Municipal Corporations—Obstruction of Street—Personal Injuries.—In an action by a city to recover from the person causing an obstruction in the street, the amount which the city has paid the one who was injured thereby, parol evidence is admissible to show where the injury occurred although a different place is alleged in the plaintiff's petition in the original action.

2. Municipal Corporations—Personal Injuries.—The proof all showing that the judgment against the city was recovered for an injury happening at a certain place, the court in its instructions to the jury may assume this fact to be true, and simply submit to the jury the question whether the defendant caused the obstruction.

3. Municipal Corporations—Argument of Counsel.—The failure of the city attorney to object to an improper argument on the trial of the original action is no reason for refusing the city relief.

A. B. BENSINGER, RICHARDS & HARRIS and GEORGE H. FEARONS for appellant.

LEON P. LEWIS and PENDLETON BECKLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming.

On November 19, 1907, Mary J. Harding, in walking along the north side of Fourth street between Chestnut and Broadway, just after dark, fell over an obstruction in the sidewalk, and sustained serious injuries, for which she brought a suit against the city of Louisville. In her petition she alleged this:

"She states that heretofore on the 19th day of November, 1907, and shortly after dark, while walking on the pavement on the east side of Fourth street, between Chestnut and Broadway, and just north of the first alley south of Chestnut street, and while exercising due care for her own safety, she fell or was precipitated over boards, planks, or an obstruction of such nature, and was painfully and severely injured about her head, body, arms and limbs," etc.

Before the suit came on for trial her deposition was taken, and in that deposition she stated that the obstruction she fell over was at the mouth of the alley, and not north of the alley. The city thereupon in writing notified the Western Union Telegraph Company of the pendency of the suit, stating that it was doing some work in the alley at the time; and called on it to defend the suit, stating that it would look to the person who actually placed the obstruction in the street to pay any judgment which might be rendered against the city. The Telegraph Company did not defend the suit and the city defended it. On the trial of the case when the proof by the plaintiff showed that the injury had occurred in the alley, and not north of the alley, the city moved the court to instruct the jury peremptorily to find for it; but the court overruled the motion evidently on the ground that the variance had not misled the defendant to its prejudice, under section 129 of the Code, which is as follows:

"No variance between pleadings and proof is material, which does not mislead a party to his prejudice, in maintaining his action or defense upon the merits. A party who claims to have been so misled must show that fact to the satisfaction of the court; and, thereupon, the court may order the pleading to be amended, upon such terms as may be just."

The city then moved the court to continue the case on the ground of surprise, but the court overruled this mo-

tion, and the case having been heard on the merits, there was a verdict and judgment against the city for $675, which the city paid. It thereupon brought this suit against the Telegraph Company to recover the amount which it had paid, charging that the Telegraph Company had created the obstruction. The Telegraph Company filed an answer controverting the allegations of the petition, and the case having been submitted to a jury, there was a verdict in favor of the city. The court having refused a new trial and entered judgment on the verdict, the Telegraph Company appeals.

1. It is insisted for the Telegraph Company that there was a fatal variance between the allegations of Mrs. Harding in her petition, and the proof heard on the trial; that Mrs. Harding averred that her injury occurred north of the alley; that the record is conclusive that she was injured north of the alley; and that parol evidence is incompetent to show that the injury occurred at the mouth of the alley. The defendant is in no position to complain of the variance; it has not been misled; it was plainly notified of the location of the accident as given in Mrs. Harding's deposition, and called upon to defend the action. Whether the variance was material was a question to be decided by the court in the original action, and the court there having held the variance immaterial, the defendant can not complain that the city is allowed to show by parol evidence in this action where the injury occurred, and who created the conditions causing the street to be unsafe. This is not a case of inconsistent pleadings by a party. The city could not control the form of Mrs. Harding's pleadings; and when we come to determine whether the injury now referred to is the same as the one actually before the court in the original case, parol evidence may be received to show definitely what was the thing in issue on that trial. Were the rule otherwise, the municipal corporation might suffer unduly in this class of cases. (Littleton v. Richardson, 34 N. H., 179, Board of Councilmen of Harrodsburg v. VanArsdale, 148 Ky., 507.)

2. The court did not err in telling the jury that Mrs. Harding was injured on November 19, 1907, "by an obstruction in the intersection of the first alley south of Chestnut with the sidewalks on the east side of Fourth street between Chestnut and Broadway, and on account of said injury she recovered judgment against the city

of Louisville in the sum of $675 and costs.'' The uncontradicted evidence clearly established these facts, and there being no contrary evidence, the court properly so instructed the jury and left them to determine whether Mrs. Harding's injuries were caused by an obstruction placed or maintained at this intersection by the Western Union Telegraph Company. This was the real issue in the case.

3. The Western Union Telegraph Company had done no work north of the alley, but the weight of the evidence shows that it was at work in the alley at the intersection, and had dug a hole there over which some planks had been placed and that Mrs. Harding stumbled over the planks and fell in the hole. While there was sharp conflict in the testimony the established facts strongly sustain the plaintiff's testimony, and we can not disturb the verdict on the ground that it is against the evidence.

4. The defendant pleaded in the second paragraph of its answer that on the trial of the action of Mrs. Harding against the city, the city permitted the counsel for the plaintiff in that action to say repeatedly and repeatedly argue before the jury that the city of Louisville would not suffer by a verdict against it and would not have to pay it at all as it could recover it with all costs and expenses from the Western Union Telegraph Company, which was responsible for the defective condition of the street; that the attorney for the city in that action neglected and failed to object to this statement, and failed to make this a ground for new trial, and but for this a new trial would have been granted, and no judgment would have been rendered against the city. The circuit court properly sustained a demurrer to this paragraph of the answer. The defendant had been notified to defend that action, and it can not complain that the attorneys for the city failed to make objections which it now claims they should have made. The city attorney was evidently doing his best, and whether he should have objected to the argument was a matter for him to decide at the time; for nothing is more dangerous in a jury trial than objections made in the closing argument for the plaintiff. There was no misconduct of the city or its attorney. The misconduct was on the part of Mrs. Harding's attorney; and after a trial is over, it not unfrequently occurs that things were omitted which might have been helpful if done.

The defendant had the right to demand that the city should defend the action in good faith, and no bad faith is charged. The city is not to be denied a recovery because of the mere slips of its counsel on the trial of the original action.

Judgment affirmed.