### Drane v. Weston et al.
### Ogden v. Same.
### Kirby v. Same.
Feb. 14, 1939.

BEULAH HAMPTON for appellant Drane.

M. D. ELSTON for appellant Ogden.

SAMUEL B. KIRBY, JR., for appellant Kirby.

S. A. ANDERSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

In December, 1936, St. Matthews was by judgment of the Jefferson circuit court incorporated as a town of the sixth class as provided by Section 3713, Kentucky Statutes. J. E. Winter, Paul H. Fleming, Harry C. Schmitt, C. L. Boden, and F. W. Koch were appointed and qualified as trustees of the town. A. L. Stumbler, N. B. West and P. Willett Hagan, respectively, were elected by the board as clerk, assessor, and treasurer of the town.

In June, 1937, a majority of the legal voters of the town filed a petition in the Jefferson circuit court asking that the charter of the town be dissolved and annulled as provided in Sections 3662a-1 to 3662a-3, Kentucky Statutes. In the meantime, however, the town had under proper ordinances, orders and contracts of the board become legally obligated to divers persons in various sums. In order that the town might secure a grant from the W. P. A. to make certain street improvements, it was necessary that it raise some funds and to that end $750 was borrowed from Jesse Ogden. The town also became indebted to Merritt Drane for street engineering in the sum of $675 and to Samuel B. Kirby as at-

torney for the town in the sum of $239.88. It became obligated to four other persons or firms in sums aggregating approximately $225. All these creditors filed separate intervening petitions setting up their claims against it and seeking recovery of the sums due and entered motion for writ of mandamus requiring the board of trustees of the town to enact an ordinance levying a tax for general municipal purposes sufficient to pay all existing valid indebtedness due and owing by the town, together with the expenses of levying, collecting and disbursing such taxes; requiring the assessor to complete the assessment of taxable property within the limits of the town and tax lists as required by law; and directing A. L. Stumbler, the clerk, to collect the taxes and pay same over to the treasurer and directing the treasurer to disburse the funds and pay all lawful creditors the amount due them.

On final hearing the chancellor gave each of the intervening petitioners judgment for the respective sums sued for with interest, overruled the motion of the creditors of the town for mandatory injunction and adjudged that the charter of the town of St. Matthews be dissolved and annulled. It was further adjudged that action on small claims unappealable in amount be held in abeyance pending decision of appeals to be prosecuted by creditors having larger claims and the chancellor retained jurisdiction for the entry of all necessary orders to carry into effect the judgment.

Merritt Drane and Jesse Ogden have appealed and Samuel B. Kirby has entered motion for appeal. The three cases have been considered together and since the same question is involved in all they will be disposed of in one opinion.

It is the contention of appellants and Samuel B. Kirby, who has entered motion for appeal, that the chancellor erred in entering judgment for dissolution of the charter of the town without making proper orders and provision for the payment of its valid obligations. Briefs filed on behalf of appellees argue in effect that since the sections of the statute providing for the dissolution of the charter of towns make no provisions for the satisfaction of its obligations and that no such provision is to be found elsewhere in the statutes or constitution, the creditors took their chances of having the charter annulled and leaving their debts unsatisfied.

No attack is made upon the validity of the preliminary steps or the proceedings to annul the charter of the town nor is any question raised concerning the validity of any of the indebtedness involved.

The chancellor rendered an opinion found in the record which at the outset refers to the fact that the judgment for the dissolution of municipal charters leaves fairly contracted corporate indebtedness outstanding, but says in effect that when the corporation is dissolved the corporate officers cease to exist and that further exercise of powers by individuals under order of the court would be by authority of the court and not by corporate authority. After referring to certain authorities, it is said in substance that no difficulty is presented where the legislature in making provision for the dissolution of municipal charters, or for the combination of municipalities, also makes provision for the payment of outstanding municipal indebtedness; but that the statutes above referred to which merely provide for dissolution without any reference to indebtedness leaves the court facing a blank wall. The opinion in effect concludes that the court was without authority to levy or collect taxes or to appoint officers to administer the affairs of a municipal corporation that had been dissolved.

The situation presented is novel and apparently new to courts, since no cases directly in point are cited and a search has disclosed none. So far as our research discloses constitutional and stautory provisions of other states relating to the dissolution of municipal corporations make provision for the payment of corporate debts where such municipalities are dissolved or are annexed to other municipalities. Therefore, cases from foreign jurisdictions are not helpful in the solution of the problem presented except in so far as general principles are dealt with.

Section 19 of our Constitution provides: "No * * * law impairing the obligation of contracts, shall be enacted." If under our Constitution it were permissible for the legislature to pass special acts annulling or dissolving municipal corporations, the courts would not hesitate to condemn any such act in so far as it attempted to or had the effect of impairing the obligation of the contracts of the municipality dissolved. It follows, therefore, that a court may not consistently so in-

terpret or administer an act relating to that subject that would have such effect and result in the evils intended to be prevented by the framers of the constitution when they enacted Section 19.

In McQuillin on Municipal Corporations, 2d Ed., Vol. 1, Section 326, it is said in part:

"By virtue of the clauses in the federal and state constitutions forbidding the impairment of the obligations of contract, either directly or indirectly, by legislative enactment or otherwise, all contracts by virtue of the force of organic law, survive the dissolution, and the creditors may enforce their claims in any mode permitted by law."

That work also indicates that so far as indebtedness of municipal corporations is concerned, the same rule applies as does in the dissolution of other corporations. In other words, neither by dissolution may evade the payment of its just obligations.

In Boyd v. Chambers, 78 Ky. 140, it is said:

"If the corporation had been abolished, its inhabitants would have been liable for its debts, if properly contracted. * * * The power of the legislature to change or abolish such corporations at pleasure, when deemed for the public good, cannot be denied; but this right to destroy does not imply the existence of the power on the part of the legislature to relieve a city or town from its liabilities to others by a repeal of the charter."

In Gelpcke v. City of Dubuque, 1 Wall. 175, 17 L. Ed. 520, it is said in substance that the true and correct rule is that if the contract when made was valid under the laws then in effect, its validity and obligation cannot be impaired by subsequent action of the legislature, or by decisions of the courts.

Under Section 3704-3, Kentucky Statutes, the board of trustees of the town had authority and it was their duty to levy taxes within the limits of the constitution sufficient to meet its valid indebtedness. Morton v. City of Fullerton, 229 Ky. 76, 16 S. W. (2d) 797; Levi v. City of Louisville, 97 Ky. 394, 30 S. W. 973, 16 Ky. Law Rep. 872, 28 L. R. A. 480. Unquestionably, upon the refusal of the board of trustees to make a levy sufficient to meet the obligations of the city, the court, at the instance of any creditors, might by writ of mandamus compel the

board of trustees to perform their duty with respect to the levy. See Fowler v. City of Oakdale, 158 Ky. 603, 166 S. W. 195; Blocker v. City of Owensboro, 129 Ky. 75, 110 S. W. 369, 33 Ky. Law Rep. 478. It is true that in Green v. Davis, 253 Ky. 105, 68 S. W. (2d) 750, it was held that under the statute in proceedings of that character, the chancellor had no discretion except to enter judgment in conformity with the expressed will of the majority of voters upon the proposed dissolution. This does not mean that the court may act in utter disregard of creditors of the town; but the judgment of dissolution should keep the municipal machinery intact and functioning for the sole purpose of winding up the affairs of the corporation.

It is our conclusion that the chancellor should have sustained the motion for a writ of mandamus and required the assessment of property in the town subject to taxation to be completed; or that the town accept the assessment made by the county assessing authorities as is provided in charters of towns of the sixth class; and directed that the board of trustees should meet and make a sufficient levy to cover the valid obligations of the town and the cost of assessment, collections, etc., and made such further orders as might be necessary to compel the collection and the proper distribution of taxes.

Wherefore, the motion of Samuel B. Kirby for appeal is sustained and the judgment in each of the three cases reversed for proceedings and judgment in conformity with this opinion.