RICHARD B. RUPLINGER, APPELLANT, V. EDWARD J. RUPLINGER ET AL., APPELLEES.

48 N. W. 2d 73

Filed June 1, 1951. No. 32978.

*W. H. Kirwin* and *Eugene D. O'Sullivan,* for appellant.

*Mothersead, Wright & Simmons,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action by plaintiff, Richard B. Ruplinger, to recover for the fraudulent conversion of property and money by the defendants, Edward J. Ruplinger and Emma F. Ruplinger. Defendants filed general demurrers to the petition last filed, which were sustained by the trial court. Plaintiff failed to plead further, and a judgment of dismissal was entered. Plaintiff appeals.

The allegations of the petition are substantially as follows: Plaintiff and Edward J. Ruplinger are brothers. The defendants are husband and wife. In 1920 plaintiff constructed a warehouse in Scottsbluff, Nebraska. The two brothers and James A. Dunlay organized a corpo-

ration known as the Platte Valley Storage Company. Plaintiff transferred the warehouse to the corporation and his brother contributed cash. Stock in the corporation was issued to Edward F. Ruplinger at the book value of $26,000; to Richard B. Ruplinger in the amount of $13,000; and to Dunlay in the amount of $100. It was agreed that $7,000 of the stock issued to Edward was to be held by him for transfer to Richard when it was paid for. Edward was named president of the corporation, Richard was named vice president, and Dunlay became secretary-treasurer. The salary of the president was fixed at $100 a month and that of the vice president at $50 a month. Edward was to manage the business. Richard was not to be active in the business and shortly thereafter he moved to California.

The petition alleges that in 1929 Richard paid the $7,000 for the stock held for him by Edward, but that it was not transferred to him. In August 1926, the name of the corporation was changed to the Ruplinger Storage and Transfer Company. No new stock was issued and salaries were paid until August 1935. No salary was thereafter paid to Richard until 1940 when an adjustment of back salary was made. On October 14, 1943, Edward refused to make further payments of salary and Richard then demanded an accounting of the property and profits of the corporation.

On October 16, 1944, plaintiff discovered through the office of the Secretary of State that the Ruplinger Storage and Transfer Company was dissolved by the defendants in 1934 and that the warehouse and lots upon which it stood were conveyed prior to the dissolution to Edward by Edward and Emma Ruplinger as officers of the corporation. Plaintiff alleges that this property was transferred to Edward without his knowledge or consent. The prayer of the petition is that the court determine the value of his undivided interest in the property and render judgment against the defendants for the amount so found.

The defendants contend that a stockholder has no legal title to the property of a corporation until a dividend is declared, or a division is made on the winding up or dissolution of the corporation. It is urged that the petition shows on its face that the suit is by one stockholder against another to recover his share of the corporate property alleged to have been fraudulently conveyed by the corporation to the defendant Edward J. Ruplinger. The petition clearly shows that this was the nature of the suit. The question raised by the demurrers is whether a stockholder may sue in his own name in such a case, or whether, as contended by the defendants, the suit must be brought by or on behalf of the corporation.

The corporation was formed in 1920. Under the law existing until 1934, the date of the claimed dissolution, it required a vote of two-thirds of its members to dissolve the corporation. § 24-211, Comp. St. 1929. The petition shows that plaintiff was at all times the owner of more than one-third of the stock of the corporation. It would appear that a valid dissolution could not be had by the action of stockholders without the consent of the plaintiff. In any event, the corporation even if dissolved could sue to recover upon a cause of action accruing in favor of the corporation. § 24-112, Comp. St. 1929. Lincoln Butter Co. v. Edwards-Bradford Lumber Co., 76 Neb. 477, 107 N. W. 797. Such corporation could likewise be sued in its corporate name after dissolution. § 24-113, Comp. St. 1929. Heenan & Finlen v. Parmele, 80 Neb. 514, 118 N. W. 324. No statutory bar has been pointed out which would prevent the corporation from maintaining the suit, or to its being made a party to the suit if a stockholder brought the action in a representative capacity.

A stockholder may not bring an action in his own name to recover for wrongs done to the corporation or its property. Such a cause of action is in the corporation and not the stockholders. The right of a stockholder

to sue is derivative in its nature and can be brought only in a representative capacity for the corporation. Rettinger v. Pierpont, 145 Neb. 161, 15 N. W. 2d 393.

The controlling rule is well set out in Wilhelm v. Consolidated Oil Corporation, 84 F. 2d 739, wherein it is said: "The Prairie Companies have not been dissolved. If such agreement, conveyances and transfers were wrongful, the direct injury was to the corporations and their properties. The right of action for such an injury is in the corporation and not in its stockholders; and suit thereon must be brought by the corporation or by a stockholder as a derivative suit. This suit is not brought by the Prairie Companies or by their stockholders as a derivative suit. The bill does not seek restoration to the Prairie Companies of the property conveyed and transferred but seeks recovery thereof to the stockholders of such companies. It seeks relief solely in behalf of the stockholders in their own right and not in behalf of the Prairie Companies as a derivative right. No demand upon and refusal by the Prairie Companies to bring the suit, nor facts excusing such demand and refusal are alleged. The Prairie Companies would be necessary parties to a derivative suit and they are not joined."

The general rule is that actions to enforce corporate rights or to redress injuries to the corporation cannot be maintained by a stockholder in his own name. The injury in such instances is to the corporation and it does not give an individual right of action to a stockholder. Brictson v. Woodrough, 164 F. 2d 107; Hodge v. Meyer, 252 F. 479; Cullum v. General Motors Acceptance Corp. (Tex. Civ. App.), 115 S. W. 2d 1196.

Under the rule announced in the foregoing cases the plaintiff cannot maintain an action in his own name under the facts set out in his petition. The remedy under the facts stated is a suit by the corporation, or, if the corporation refuses to sue, by a suit brought on behalf

of the corporation. The action of the trial court in sustaining the demurrers and dismissing the suit is therefore correct. The judgment is affirmed.

AFFIRMED.