HENRY C. WELLENSIEK, APPELLEE, v. DRAINAGE DISTRICT No. 1 OF OTOE AND JOHNSON COUNTIES, NEBRASKA, A PUBLIC CORPORATION, ET AL., APPELLANTS.

112 N. W. 2d 267

Filed December 8, 1961. No. 35038.

*Marti, O'Gara, Dalton & Sheldon,* for appellants.

*William B. Brandt, Healey, Wilson & Barlow,* and *Patrick W. Healey,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action by Henry C. Wellensiek, plaintiff and appellee, against Drainage District No. 1 of Otoe and Johnson Counties, Nebraska, a public corporation, Carl Masters, Clarence Boettcher, John Brandt, Henry · J. Nebelsick, and Walter Meyer, defendants and appel-

lants, the purpose of which is to obtain a judgment for damages against Drainage District No. 1, which will be referred to hereinafter as the corporation, and to have the court render a mandatory injunction against the defendants requiring the corporation to maintain, control, and repair a drainage ditch and a creek within the district of the corporation so as to stop loss and damage caused by rain and erosion to the lands of plaintiff.

The action was tried to the court and judgment was rendered for damages in favor of the plaintiff and against the corporation for $15,000. It was further adjudged that the defendants were authorized and ordered to make a levy to satisfy the judgment for damages. The right of other landowners in the district to object to levy of assessment was preserved.

A motion for new trial was overruled, and from the order overruling the motion for new trial and the judgment the defendants have appealed.

The commencement and background of this case, to the extent necessary to set out here, is substantially as follows: The corporation came into being as a body politic on confirmation by the district court on October 28, 1910, pursuant to the provisions of Chapter 31, article 4, Comp. St. 1929, which chapter in all particulars of importance here was enacted in the year 1905. The duration of the life of the corporation was 50 years, or until October 28, 1960. The purpose of the corporation was to create a drainage district pursuant to the provisions of the chapter with power to conduct the functions therein specified.

By the chapter the board of supervisors was empowered to levy and collect an assessment to defray the costs necessary to create the improvement.

In addition to this, by section 31-463, Comp. St. 1929, the board of supervisors was empowered at any time after final construction, if the improvement should become out of repair, obstructed, inefficient, or defective for any cause, to order an assessment upon the lands

and property benefited by the system for the purpose of placing the same in proper and suitable condition for drainage purposes, using the original assessment upon the property in the district as a basis to ascertain the ratio that the separate tracts bear to the whole amount to be levied.

By section 31-468, Comp. St. 1929, such a district was made liable for all injuries and damages caused by the construction of such improvements arising by virtue of contract or tort.

The action here was commenced on July 18, 1959, which was during the life of the corporation, by the filing of a petition the effect of which is to say that the plaintiff was damaged within the meaning of Chapter 31, Comp. St. 1929, and also that within the meaning of the chapter he is entitled to have the corporation, through its board of supervisors, levy an assessment upon the property in the district to pay his damages.

Throughout the pleadings the parties refer to the governing body as the board of directors but obviously they mean supervisors. This departure will not be treated as having significance.

The defendants filed an answer in the case but it requires no specific consideration herein. This is true since the parties have by written stipulation agreed that the determination herein shall depend upon the answers to the two following questions:

"1. What is the effect of the expiration of the term of existence of the District as provided in its charter with respect to whether or not the plaintiff's action herein is abated?

"2. In the event a judgment were rendered against the defendant District in this cause, would the Board of Directors of said District have the lawful authority to levy a special assessment for the purpose of defraying the expense which would be involved by compliance with any decree herein awarding judgment in favor of the plaintiff?"

It is further stipulated that if the answers to the two questions are in favor of the plaintiff the judgment shall be in the amount of $15,000.

It is of course obvious that the defendants do not urge either that the plaintiff was not damaged, or that he would not have the right to have exacted of the defendants the mandatory relief he seeks to satisfy his damage, if proceedings had been concluded for those purposes before the expiration of the corporate life of the corporation. They contend only that no enforceable rights existed in favor of the plaintiff after the expiration of the corporate life of the district.

Nothing has been found in the chapter of the statutes which deprives a person in the situation of the plaintiff of the right to maintain an action against the defendants after the corporate charter lapsed. See Ch. 31, art. 4, Comp. St. 1929. It is true that in this chapter the right to maintain action against a district after expiration of a charter is not specifically authorized but, as pointed out in section 31-468 thereof, the corporation is liable for injuries and damages.

Sections 24-107, 24-108, and 24-113, Comp. St. 1929, which were in full force and effect when the corporation came into being, do clearly provide for action against a corporation after expiration of a charter or dissolution of a corporation. These provisions fully declare the right of the plaintiff to maintain the action here.

The Legislature in the year 1941 enacted what was denominated the General Corporation Law of the State of Nebraska. This was Laws 1941, chapter 41, page 158. By this action there was a general revision and a repeal of previously existing statutory provisions but all rights of parties under the previously existing provisions were preserved and protected. The provision which grants this protection is section 21-1,156, R. R. S. 1943, as follows:

"All corporations now organized under articles 1, 2 or 3 of Chapter 24, Compiled Statutes of Nebraska, 1929,

as amended, or any law which said articles may have replaced, shall operate under and be subject to the provisions of this act; Provided, that no rights, privileges and immunities vested or accrued by and under prior statutes repealed by this act, no suits pending, no rights of action conferred, and no duties, restrictions, liabilities and penalties imposed or required by and under such statutes shall be impaired, diminished or affected thereby."

This corporation was not organized under either article 1, 2, or 3, of Chapter 24, but was organized under article 4 of Chapter 31, Comp. St. 1929. The situation therefore is controlled and protected by the language which preserves and protects the rights of parties under any and all preexisting statutes.

In the light of these provisions and the admissions in the stipulation that the plaintiff was damaged, it appears that his action to determine the amount of his damage and to have judgment therefor was proper.

The decisions of this court also support this view. In Heenan & Finlen v. Parmele, on rehearing, 80 Neb. 514, 118 N. W. 324, it was said: "Under section 4112, Ann. St. 1907, a dissolved corporation may be sued in the corporate name and service made upon the trustee or person in charge of the assets."

This was approved in Ruplinger v. Ruplinger, 154 Neb. 394, 48 N. W. 2d 73, as follows: "In any event, the corporation even if dissolved could sue to recover upon a cause of action accruing in favor of the corporation. * * * Such corporation could likewise be sued in its corporate name after dissolution."

The first question submitted by the stipulation is, in the light of these observations, answered in favor of the plaintiff.

No case or statutory provision has been found in this jurisdiction declaring the answer to the second question, that is the question of whether or not, in case a judgment is rendered in favor of the plaintiff, a manda-

tory judgment may be rendered requiring the corporation through its officers to levy and collect an assessment upon the property in the district sufficient to satisfy the judgment.

In approaching an answer to this question it appears well to point out that, by the statute under which the corporation was created, it is a public corporation and a body politic. See § 31-468, Comp. St. 1929. This means, in this instance, that it is a collective body of the State of Nebraska politically organized and exercising political functions. See Black's Law Dictionary (3d ed.), p. 232.

It may be assumed that where a private corporation has become extinct, is without assets, and without a source from which to obtain assets with which to satisfy existing obligations of the corporation that an action may not be maintained against the corporation. Such a rule however does not apply to a public corporation which is a body politic. The general rule in the various jurisdictions is that it does have power to satisfy its obligations after lapse of its charter. A statement of this general rule is found in 2 McQuillin, Municipal Corporations (3d ed.), § 8.15, p. 435, as follows: "By virtue of the clauses in the federal and state constitutions forbidding the impairment of the obligations of contracts, either directly or indirectly, by legislative act or otherwise, all contracts by virtue of the force of organic law, survive the dissolution, and creditors may enforce their claims in any mode permitted by law. * * * All contracts made while the corporation was in existence survive the dissolution and may be enforced in equity, so far as to subject, for their satisfaction, any property possessed by the corporation at the time."

The subject of expiration of corporate charters and the evolution which has taken place is exhaustively covered in a monograph in 47 A. L. R., starting at page 1297 and ending at page 1569, and an annotation in 97 A. L. R., starting at page 477 and ending at page 504. Analysis of these discloses that the courts generally sup-

port the foregoing pronouncements from McQuillin.

In Diekroeger v. Jones, 235 Mo. App. 1117, 151 S. W. 2d 691, a case bearing upon the precise matter presented by the second question contained in the stipulation, the court, after reviewing texts, the decisions of the courts of Missouri, and those of other jurisdictions, said: "We adhere to the doctrine announced by the Supreme Court of Texas that certain residuary powers remained unimpaired in the supervisors when the charter expired and that the court can compel them to perform the duties laid upon them by statute, even though the charter has expired." This pronouncement was made in a jurisdiction where, unlike this jurisdiction, there was no statute granting a right of action against a corporation after the expiration of the corporate charter. See, also, Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197; Drane v. Weston, 276 Ky. 810, 125 S. W. 2d 722.

The conclusion reached as to the second question presented by the stipulation is that it must also be answered in favor of the plaintiff.

Accordingly the judgment of the district court is affirmed.

AFFIRMED.