STANDARD ACCIDENT INSURANCE
COMPANY, Plaintiff-Appellant,

v.

CITY OF PINEVILLE, Defendant-
Appellee.

No. 15487.

United States Court of Appeals
Sixth Circuit.

Dec. 15, 1964.

G. E. Reams, Harlan, Ky., for appellant.

James S. Wilson, Pineville, Ky., for appellee.

Before CECIL and O'SULLIVAN, Circuit Judges, and BROOKS, District Judge.

PER CURIAM.

Plaintiff-Appellant, Standard Accident Insurance Company, brought the present diversity action to recover indemnification for, or contribution to, amounts paid by it in settlement of claims against two of its insureds, arising out of an accident on a street in the defendant City of Pineville, Kentucky. Appeal is taken from denial of plaintiff's motions for directed verdict and for judgment notwithstanding the verdict. Since we are of the opinion that the proofs in the case raised issues of fact appropriately left for resolution by the special verdict rendered in favor of the defendant, we affirm.

The accident in question occurred August 2, 1958, when Mrs. Louise Slusher, driving a car insured by the plaintiff, was involved in an accident apparently caused when the wheel of her car struck a water-filled hole in the street, throwing the car out of control. It is undisputed that the hole was caused by leakage from either a city sewer line or from a water line belonging to the Pineville Water Company, also insured by the plaintiff. Officials of both the City and Water Company knew of the hole several days prior to the accident and frequently investigated it, but none of them took steps to fill in the hole, identify the precise origin of the leakage, or post warnings to traffic. Following the accident, the plaintiff insurance company settled actions brought against Mr. and Mrs. Slusher and the Water Company by the occupants of the other car involved in the accident, and by the Slusher family against the Water Company. The present action was then instituted.

■■ Evidence was adduced at trial from which the jury could have con-

cluded that the hole in the street was caused by a leak in the Water Company's line rather than a leak in the City's sewer, thus placing primary fault on plaintiff-appellant's insured, Pineville Water Company. It is Kentucky law that although the City might be liable to travelers for failure to warn of a dangerous condition in its highways created by the negligence of another, it has a right to recover against the one who created the condition. E. g., Board of Councilmen v. Vanarsdall, 148 Ky. 507, 147 S.W. 1 (1912); Blocker v. City of Owensboro, 129 Ky. 75, 82, 110 S.W. 369, 371 (1908); Western Union Telegraph Co. v. City of Louisville, 160 Ky. 499, 169 S.W. 994 (1914). That the Water Company or its subrogee Insurance Company would not then have a right to indemnification or contribution from the City is obvious. Accordingly, the cause was properly submitted to the jury to determine whether the City had in fact created the dangerous condition.

Judgment affirmed.