STATE, EX REL. EVERETT T. WINTER ET AL., APPELLANTS, V.
HARRY R. SWANSON, SECRETARY OF STATE, APPELLEE.

294 N. W. 200

FILED OCTOBER 8, 1940. No. 31067.

*Baylor, Tou Velle & Healey* and *Carlisle P. Myers,* for appellants.

*Walter R. Johnson, Attorney General,* and *Edwin Vail, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Lancaster county denying relators a peremptory writ of mandamus against respondent, the secretary of state, to require him to accept and file certain initiative petitions by which it was sought to submit to the voters of Nebraska at the general election a certain constitutional amendment limiting the tax levy on farm and city property.

It is conceded that the petitions and accompanying affidavits were in proper form and that the proceedings were in all respects regular, except a failure to comply with the following provisions of chapter 34, Laws 1939:

"Prior to obtaining any signatures to said petition, a copy of the form to be used shall be filed with the secretary of state together with a sworn statement containing the name or names of every person, corporation or association sponsoring said petition or contributing or pledging contribution of money or other things of value for the purpose of defraying the cost of the preparation, printing or circulation thereof."

Relators admit that the foregoing provisions of the statute were not complied with and allege that the cited statutory provisions are unconstitutional and void, and that, in any event, they are directory and not mandatory.

The power to enact laws and adopt constitutional amendments independently of the legislature was reserved by the people in the Constitution. Const., art. III, sec. 2. The Constitution also provides in part: "The provisions with respect to the initiative and referendum shall be self-executing, but legislation may be enacted to facilitate their operation." Const., art. III, sec. 4. Relators contend that the provisions in question do not "facilitate their operation" and that they, therefore, are unconstitutional.

We think the constitutional provision authorizing the legislature to enact laws to facilitate the operation of the initiative power means that it may enact reasonable legislation to prevent fraud or to render intelligible the purpose of the proposed law or constitutional amendment. See *State v. Amsberry*, 104 Neb. 273, 177 N. W. 179. Any legislative act which tends to insure a fair, intelligent, and impartial result on the part of the electorate may be said to facilitate the exercise of the initiative power. We believe the provisions of the act before us meet these requirements.

The requirement that the form of the petition be filed with the secretary of state before the petitions were circulated is calculated to advise the electorate in advance as to the exact provisions of the proposal through publicity resulting from its filing. By this means the proposal is rendered intelligible and the possibilities of fraud greatly reduced. The requirement that the name of every person, corporation or association sponsoring the petition or contributing or pledging contributions to defray the cost of preparation, printing and circulation of petitions be filed is likewise a safeguard against fraud and deception. We think the legislature was authorized to enact the mentioned requirements under its granted authority to facilitate the exercise of the initiative power.

Relators contend that the questioned provisions of the statute are directory and not mandatory. It seems to us that none of the features of a directory statute is present in this case. It would seem to us that an anomalous situation would be created if statutory safeguards against the perpetration of frauds and deceptions were held to be directory. Such requirements must by their very nature be mandatory, or the purposes of the legislature will be completely defeated. We hold that the provisions of the statute herein discussed are mandatory and that the failure of relators to comply therewith justifies the action of the secretary of state in refusing to file the same.

Relators further contend that the provision requiring the filing of "a sworn statement containing the name or names

of every person, corporation or association sponsoring said petition or contributing or pledging contribution of money or other things of value for the purpose of defraying the cost of the preparation, printing or circulation thereof" is unconstitutional in that contributors and those pledging contributions to defray expenses could not be determined at the time of the filing, and that such an impossible requirement would not facilitate the exercise of the initiative power by the people. It is clearly the duty of this court to give a statute an interpretation which meets constitutional requirements if it can be reasonably done. *Nelsen v. Tilley,* 137 Neb. 327, 289 N. W. 388. It was undoubtedly the intent of the legislature that the contributors, and those pledging contributions known to relators at the time the form of petition was filed, were alone contemplated. To give it this interpretation removes any question of invalidity and gives it the effect which the legislature intended.

We are of the opinion that the questioned provisions of chapter 34, Laws 1939, are constitutional and mandatory. Under such holding the trial court properly denied a peremptory writ of mandamus.

AFFIRMED.