REQUESTED BY: Senator Tom Vickers Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Vickers:
In your letter of March 11, 1982 you call our attention to Legislative Bill 647 which would, as amended, provide that no citizen could circulate initiative or referendum petitions outside his or her county of residence, and further, that no citizen could be reimbursed for expenses by a group or organization sponsoring a petition or referendum and ask our opinion as to the constitutional validity of such restrictions given the provisions of the Nebraska Constitution reserving to the people the right of initiative and referendum.
In Article III, sections 2 and 3 of the Constitution of the State of Nebraska the right to initiative and referendum have been specifically reserved to the people. The Nebraska Supreme Court has held generally that these reserved rights should be construed to make effective the powers reserved.Klosterman v. Marsh, 180 Neb. 506, 143 N.W.2d 744 (1966).
There they further held that legislation which would hamper or render ineffective the power reserved to the people would be unconstitutional. See, also, State ex rel. Ayres v.Amsberry, 104 Neb. 273, 177 N.W. 179.
However, as you are no doubt aware the Constitution also authorizes the Legislature to enact laws to facilitate the operation of the initiative or referendum powers and the Nebraska Supreme Court has held that the Legislature may enact reasonable legislation to prevent fraud or to render intelligible the purpose of the proposal. State v.Amsberry, supra.
Specifically, the Nebraska Supreme Court held in Stateex rel. Winter v. Swanson, 138 Neb. 597, 294 N.W. 200
(1940), `Any legislative act which tends to insure a fair, intelligent, and impartial result on the part of the electorate may be said to facilitate the exercise of the initiative power.'
Therefore, we would be of the opinion that so long as the purpose of the restrictions is reasonable and is designed to prevent fraud or to render more intelligible the purpose of any initiative or referendum effort that our Supreme Court would find such restrictions constitutional as promoting a fair, intelligent and impartial result.
In this regard it might be desirable should the Legislature ultimately enact such provisions to have provided either in the body of the law or in the legislative history a concise statement of the legislative purpose.
If we can be of further assistance to you on this matter, please let us know.
Sincerely,
PAUL L. DOUGLAS Attorney General
Terry R. Schaaf Assistant Attorney General