STATE OF NEBRASKA EX REL. DON STENBERG, ATTORNEY GENERAL OF THE STATE OF NEBRASKA, RELATOR, V. ALLEN J. BEERMANN, SECRETARY OF STATE OF THE STATE OF NEBRASKA, AND GARY E. LACEY, COUNTY ATTORNEY OF LANCASTER COUNTY, NEBRASKA, RESPONDENTS.

485 N.W.2d 151

Filed May 22, 1992.    No. S-92-260.

Don Stenberg, Attorney General, Steve Grasz, and Dale A. Comer for relator.

Paul D. Kratz, G. Michael Fenner, and Kevin M. Keegan, of McGill, Gotsdiner, Workman & Lepp, P.C., for respondent Beermann.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an original action by the State of Nebraska on the

relation of Don Stenberg, Attorney General, requesting this court to declare certain sections of 1992 Neb. Laws, L.B. 424, to be unconstitutional as violative of Neb. Const. art. III, §§ 2 to 4, as well as of the First Amendment to the U.S. Constitution.

The challenged sections of L.B. 424 are as follows:

Sec. 14. . . .

. . . .

(4) Every circulator of a petition shall be of the constitutionally prescribed age or upwards and a resident and a registered voter of the State of Nebraska and a resident of the county in which he or she is registered to vote. Any person willfully and knowingly circulating a petition outside of the county in which he or she is registered to vote shall be guilty of a Class I misdemeanor.

(5) All signatures secured in a manner contrary to sections 32-702 to 32-713 shall not be counted. Clerical and technical errors in a petition shall be disregarded if the forms prescribed in this section are substantially followed.

Pursuant to the application of the relator, the respondents, Allen J. Beermann, Secretary of State, and Gary E. Lacey, county attorney of Lancaster County, Nebraska, were temporarily enjoined from enforcing the challenged provisions of the act pending further action by the court. The relator now seeks to convert our previous order to a permanent injunction.

"The first power reserved by the people is the initiative whereby laws may be enacted and constitutional amendments adopted by the people independently of the Legislature." Neb. Const. art. III, § 2. "The provisions with respect to the initiative and referendum shall be self-executing, but legislation may be enacted to facilitate their operation." Neb. Const. art. III, § 4.

In *State, ex rel. Winter, v. Swanson*, 138 Neb. 597, 599, 294 N.W. 200, 201 (1940), we developed a definition and context for legislative "facilitation" when we noted:

We think the constitutional provision authorizing the legislature to enact laws to facilitate the operation of the initiative power means that it may enact reasonable legislation to prevent fraud or to render intelligible the

purpose of the proposed law or constitutional amendment. See *State v. Amsberry*, 104 Neb. 273, 177 N.W. 179. Any legislative act which tends to insure a fair, intelligent, and impartial result on the part of the electorate may be said to facilitate the exercise of the initiative power.

In that case we held that the requirement that the form of the petition be filed with the Secretary of State renders the proposal intelligible and eliminates the possibilities of fraud by advising the electorate in advance of the exact provisions of the proposal. The Legislature was authorized to enact said requirements under its granted authority to facilitate the exercise of the initiative power.

In *Klosterman v. Marsh*, 180 Neb. 506, 513, 143 N.W.2d 744, 749 (1966), this court held that

[c]onstitutional provisions with respect to the right of initiative and referendum reserved to the people should be construed to make effective the powers reserved. The case of State ex rel. Ayres v. Amsberry, 104 Neb. 273, 177 N.W. 179, although later vacated on procedural grounds stated: "The amendment under consideration reserves to the people the right to act in the capacity of legislators. The presumption should be in favor of the validity and legality of their act. The law should be construed, if possible, so as to prevent absurdity and hardship and so as to favor public convenience." The court later said: "Any legislation which would hamper or render ineffective the power reserved to the people would be unconstitutional."

In language vital to the case at hand, we also said, in *State, ex rel. Ayres, v. Amsberry*, 104 Neb. 273, 277, 177 N.W. 179, 180 (1920), "Laws to facilitate the operation of the amendment must be reasonable, so as not to unnecessarily obstruct or impede the operation of the law." It is clearly the duty of this court, however, to give a statute an interpretation which meets constitutional requirements if it can reasonably be done. See, also, *State ex rel. Morris v. Marsh*, 183 Neb. 521, 162 N.W.2d 262 (1968) (one who signs a petition, swearing he is a legally qualified voter of the State of Nebraska, is presumed to be a qualified elector, absent evidence to the contrary; the

presumption does not disappear simply because he or she did not sign his or her full Christian name); *State, ex rel. Winter, v. Swanson, supra* (requirement that a form of initiative petition must be filed with the Secretary of State before petitions are circulated, together with a statement of the names of persons sponsoring, contributing, or pledging to defray expenses, tends to prevent fraud and to render intelligible the purpose of the proposal to be submitted, and by so doing it facilitates the initiative power within the purview of the Constitution).

The effect of the challenged provisions of L.B. 424 is to Balkanize the initiative process in this state. Not one statewide campaign to enact laws, but at least 38 separate campaigns, would now be required. It is difficult to justify a provision that does not and cannot forbid the financing of paid circulators in the individual counties, but forbids circulation across county lines. Indeed, the effect of the law is to place impossible barriers to the economically less fortunate to successfully initiate legislation if they cannot afford to pay local circulators and are forbidden to solicit outside their own counties.

In a participatory system of government the voices pressing their views on their elected officials reflect the broad spectrum of the total society. It is an obvious truth that no one view is more entitled to be expressed than another. The judgment of the majority or the economically privileged as to the accepted and proper view of an issue, and the suppression of the minority's right of expression, is tyranny, no matter how wise and reasoned the majority opinion.

We hold that § 14(4) of 1992 Neb. Laws, L.B. 424, and § 14(5) of the same act, to the extent it is referable to violations of § 14(4), violate Neb. Const. art. III, § 4, by impeding the initiative and referendum process instead of facilitating the process as the Constitution requires.

As the act is violative of the Nebraska Constitution, it is not necessary to answer the challenge that the sections also violate the First Amendment to the U.S. Constitution.

JUDGMENT OF UNCONSTITUTIONALITY.