WILLIAM W. BRAGG *vs.* THE CITY OF RUTLAND.

May Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, MUNSON, and START, JJ.

*Municipal Liability for Acts of Contractors and Officers.*

The defendant city had a contract with a third party to lay the city's water pipes, the work to be done to the approval of its superintendent. In laying a pipe the contractor, by direction of the superintendent, cut into the plaintiff's private drain under the public street and embedded

the pipe therein, causing the sewage to set back into the plaintiff's premises to his damage.   *Held,* that the city was responsible for the act of the superintendent, who in giving the direction was acting within the scope of the contract.

Whether the city's right to lay the pipe was paramount to the plaintiff's right to maintain his drain, is a question not raised by the record.

CASE.   Trial by jury at the March Term, 1897, Rutland County, *Tyler,* J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepted.

*Charles L. Howe* for the defendant.

*Horace W. Love* for the plaintiff.

ROWELL, J.   The city contracted with Inman Brothers, whose business it was to do such work, to furnish, deliver, lay and set water pipes, valves, and fire hydrants in certain streets of the city, for the purpose of extending its water system, the city reserving the right to change courses and to add to or diminish the quantity of the several sizes of pipe specified.

All pipes were to be laid in true line and grade under the direction of the superintendent of the city water-works, and to have a fair and uniform bearing on firm and well compacted earth throughout their entire length, and in no case to lie in contact with ledge nor boulders, and to be not less than four feet and a half below the surface of the ground.   All work was to be done in a thorough and workmanlike manner, subject to the inspection and approval of the superintendent of the city water-works "in charge;" and the work and the materials were subject at all times to the superintendence and inspection of said superintendent or such other person as the city water committee should appoint; and if the superintendent or other person appointed, condemned and rejected any inferior work or material, such work or material was to be immediately excluded and removed by the contractors, and replaced with proper and acceptable work or material, without extra compensation therefor.

There was a private plank drain that conducted sewage from the plaintiff's bakery, and from other buildings in the vicinity, to a public sewer in West Street, which was a public highway; and the workmen of the contractors, in ditching the street for the water pipe, and to lay it at continuous grade, cut a little into the top of said drain and imbedded the pipe therein, whereby the drain was so obstructed that in time it caused the sewage to set back into the plaintiff's bakery and do the damage complained of.

The superintendent of the city water-works was present at the time, and intending to act within the scope of his authority as such and in accordance with said contract, directed that the drain be cut and the pipe imbedded therein as aforesaid, and the question is, more especially, whether the city is liable for his act, and not so much whether it is liable for the act of the servants of the contractors, as it would have been had he not interfered in the matter.

Without considering whether he was acting within the scope of the authority conferred upon him by the city charter, we think he was acting within the scope of the authority conferred upon him by the contract. The contract afforded no standard by which to determine whether the work was done in a thorough and workmanlike manner, except the approval and acceptance of the superintendent or such other person as the water committee should appoint, and they appointed no other, so it was left to the superintendent. The contractors could not know what would be satisfactory to him unless he directed, and they would have to follow his directions in order to avoid his condemnation and meet his approval, and this necessarily gave him the right to direct *how* the work should be done within the general limits of the contract.

But it is said that the right of the city to lay the pipe in the street was paramount to the right of the owners to maintain their drain therein, and that therefore the city is not liable. The exceptions show that the defendant objected

below that the action could not be maintained, for that there was no testimony to show a right to maintain the drain in the street. But the exceptions do not show whether there was such testimony or not, and we cannot assume that there was not. Hence this question is not raised by the record.

*Judgment affirmed.*