CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS, V. FRANCIS P. MATTHEWS, JR., ET AL., APPELLEES.

248 N. W. 2d 761

Filed January 5, 1977. No. 40678.

Herbert M. Fitle, Verne W. Vance, Roger R. Holthaus, and Donald L. Knowles, for appellants.

Martin A. Cannon of Matthews, Kelley, Cannon & Carpenter, for appellees.

Heard before WHITE, C. J., McCOWN, NEWTON, and BRODKEY, JJ., and RONIN, District Judge.

NEWTON, J.

In this action plaintiffs seek to enjoin defendants from prosecuting an inverse condemnation action for alleged damages to their properties in the city of Omaha, Nebraska. Judgment was for defendants. We affirm the judgment of the District Court.

The defendants are the owners of two buildings on 19th Street between Farnam and Harney Streets in Omaha. The block directly to the east between 19th and 18th Streets was acquired by the Omaha-Douglas Public Building Commission created under Chapter 23, article 26, R. R. S. 1943. Defendants alleged that in building on the block acquired by the defendant commission, the sanitary sewer service running from their buildings to a sewer on 19th Street was disrupted and destroyed. Defendants filed an inverse condemnation action under sections 76-705 et seq., R. R. S. 1943, for the purpose of ascertaining and recovering damages. Injunction having been denied, plaintiffs appeal. They assign as error the finding that inverse condemnation is a proper remedy and that the judgment is not supported by the evidence.

Plaintiffs assert that defendants had no vested rights in the 19th Street sewer or in its use. Under Nebraska law a city of the metropolitan class may establish sewer districts, regulate the construction, repair, and use of the sewers, provide penalties for their injury and obstruction, issue permits for connections and require property owners to make such connections at their own expense, fix charges for use of the sewage system, and levy special assessments. See Chapter 14, article 3, R. R. S. 1943. Connections or laterals necessarily start in the property of the private owner, extend through or across such property, and into the public streets or alleys to the sewer mains constructed by the sewer districts. Property owners do not ordinarily acquire vested interests in the sewer mains or in their use in a given location or condition, but it is the duty of the city to keep them in repair and in useable condition except in the face of extraordinary or unusual conditions beyond its control and it may assess penalties for damage or obstruction of the sewers. Although an abutting owner does not have a vested interest in the location of a street or highway in a given location, or in its maintenance in a given condition, it is generally held that he is entitled to compensation if ingress and egress to the street is unreasonably restricted or if the street is vacated. See W.E.W. Truck Lines, Inc. v. State, 178 Neb. 218, 132 N. W. 2d 782. The situation presented is somewhat analogous. In this instance we deal with a public utility located in a street. Property owners are compelled to pay for its use and to use it. Connecting lines are installed by and at the expense of property owners. The disposal of sewage from these private properties is essential and impairment of the means of doing so definitely damages the private connections to the city sewer and the value of the properties. Ordinarily privileges acquired by license or permit are revocable under the police power without the payment of compensation. See 2 Nichols on Eminent Domain (3d Ed.), § 5.751, p.

5-241. No vested interests are acquired in such things as grazing permits and liquor licenses. Such licenses and permits simply confer a benefit on the recipient which he has sought. There is no element of compulsion, and deprivation of the privilege does not ordinarily affect property values. The situation is different here. Disposition of sewage collected on the plaintiffs' properties is an absolute essential. Owners are required to use the city sewer system and to install laterals of a private nature. The right to use district or city sewers is one common to all property owners and it cannot be denied unreasonably, arbitrarily, or discriminatorily. See, Rogers v. First Sewerage Dist. of City of Lake Charles (La. App.), 171 So. 2d 820; 11 McQuillin, Municipal Corporations (3d Ed.), § 31.30, p. 242. Except where a property owner fails to comply with reasonable regulations or the public welfare requires, this right cannot be denied or destroyed. No such situation appears here. On the contrary, the city has tortiously interfered with and destroyed the plaintiffs' sewer connection. It has, in essence, appropriated it without compensating the owners. To the extent of the right to use the sewer by means of the connections or laterals previously installed under the city's supervision, we hold that a property right can be and has been acquired which cannot be unreasonably destroyed without compensation. It is stated in 11 McQuillin, Municipal Corporations (3d Ed.), § 31.09, p. 193: "Private sewers and drains may become the property of the municipal corporation by purchase or by dedication duly accepted by the municipal authorities; also by annexation, or prescription; and in some cases private sewer lines are regarded as becoming municipal lines merely through connection and integration in the latter; however, they cannot be taken by the public, or damaged in the construction of other sewers by the municipality without compensation to such private owners, since such private sewers and drains are viewed as property within the

meaning of the constitutional provisions relating to the exercise of eminent domain." See, also, Zirkle v. City of Kingston, 217 Tenn. 210, 396 S. W. 2d 356; Bragg v. City of Rutland, 70 Vt. 606, 41 A. 578; Gunn v. City of Versailles (Mo. App.), 330 S. W. 2d 257.

Plaintiffs contend that an inverse condemnation action cannot lie because the Omaha-Douglas Public Building Commission did not have the power of condemnation. This assertion is erroneous. See § 23-2604 (1) and (4), R. R. S. 1943. It is also urged that it will not lie except in instances where a condemnation action by reason of the taking of property was permissible. The commission had the power of condemnation and it may be exercised whenever property is damaged for public use. An actual taking of property is not required. See, Armbruster v. Stanton-Pilger Drainage Dist., 169 Neb. 594, 100 N. W. 2d 781; Patrick v. City of Bellevue, 164 Neb. 196, 82 N. W. 2d 274.

It is also asserted that an inverse condemnation action will not lie because defendants could have sued in tort for the damage done. They cite Nemaha Valley Drainage Dist. v. Marconnit, 90 Neb. 514, 134 N. W. 177, in support of this proposition. The case holds the contrary. It states: "But a drainage district * * * is a public corporation * * * and, as such, liable to pay for lands taken or damaged whether the obligation is enforced by condemnation proceedings or by civil action."

On review of the evidence submitted, we find that it is sufficient to sustain the judgment of the District Court. "Actions in equity on appeal to the Supreme Court are triable de novo, subject, however, to the rule that when credible evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and must have accepted one version of the facts rather than the opposite." Pinney v. Hill, 191 Neb. 844, 218 N. W. 2d 212.

The judgment of the District Court is affirmed.

AFFIRMED.