DARRELL E. BEACH ET AL., APPELLEES AND CROSS-
APPELLANTS, V.
CITY OF FAIRBURY, NEBRASKA, A MUNICIPAL
CORPORATION, APPELLANT AND CROSS-APPELLEE.

301 N.W.2d 584

Filed January 30, 1981. No. 43166.

Earl D. Ahlschwede and Douglas G. Rosener for appellant.

James G. Sharp of Everson, Noble, Wullschleger, Sutter, Sharp & Korslund for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

Defendant, City of Fairbury (hereafter Fairbury), appeals from a judgment in favor of plaintiffs, resi-

dent landowners in Fairbury, Nebraska. On July 6, 1978, a storm sewer running beneath the surface across plaintiffs' land broke, causing the land in plaintiffs' backyard to collapse, resulting in a hole approximately 35 feet long, 10 feet wide, and 10 feet deep. After notifying representatives of Fairbury of the break and collapse, plaintiffs were informed that Fairbury would only supply the labor for repairs and that plaintiffs would have to supply the materials. Plaintiffs filed a claim with the city council, which was denied, and appealed that decision to the District Court. The court held in favor of plaintiffs on the causes of action and a jury awarded plaintiffs a total of $2,800 in damages. Fairbury makes the following assignments of error: (1) That the court determined the broken sewer was a public sewer; (2) That the court did not hold plaintiffs' first cause of action barred by the statute of limitations; (3) That plaintiffs were entitled to damages because of Fairbury's failure to repair the sewer; and (4) That the court overruled Fairbury's demurrer at the end of plaintiffs' case. The judgment of the District Court is reversed as to plaintiffs' first cause of action and that cause is dismissed. The remainder of the judgment is affirmed.

Plaintiffs' petition alleges two causes of action. The first alleges that Fairbury took an easement across plaintiffs' land without compensating plaintiffs, in violation of Neb. Const. art I, § 21, and that plaintiffs are entitled to damages therefor. The sewer on plaintiffs' property is part of a citywide system of storm sewers. It is not known when the sewer across plaintiffs' property was constructed or when it was connected to the city sewer system. The record clearly shows, however, that the sewer does not drain plaintiffs' property, but serves as a collector line for various other sewers in Fairbury. The line has broken in the past and Fairbury has supervised and directed repairs. The District Court determined that the sewer across plaintiffs' property was a public sewer, and we agree.

" 'Private sewers and drains may become the property of the municipal corporation by purchase or by dedication . . . ; also by annexation, or prescription; and in some cases private sewer lines are regarded as becoming municipal lines merely through connection and integration in the latter . . . .' " *City of Omaha v. Matthews*, 197 Neb. 323, 326, 248 N.W.2d 761, 763 (1977).

Fairbury alleged in its answer that should it be determined that the sewer was public, plaintiffs' first cause of action was barred because Fairbury had obtained an easement by prescription for the statutory period of 10 years. The District Court held that plaintiffs had no notice of the easement until the drain collapsed and, therefore, Fairbury failed to prove its defense. " 'The use and enjoyment which will give title by prescription to an easement is substantially the same in quality and characteristics as the adverse possession which will give title to real estate. It must be adverse, under a claim of right, continuous and uninterrupted, open and notorious, exclusive, with the knowledge and acquiescence of the owner . . . for the full prescriptive period. . . . [A]ll the elements of prescriptive use must be generally established by clear, convincing, and satisfactory evidence.' " *Svoboda v. Johnson*, 204 Neb. 57, 62, 281 N.W.2d 892, 897 (1979). The record shows that in 1966 the sewer on this property collapsed. The owners of the property at that time were aware of the collapse and assisted in the repair. The record also shows that Fairbury has used the sewer continuously and exclusively since then until January 15, 1979, the date plaintiffs' claim was filed. The record clearly shows that the 10-year statutory period has run and plaintiffs' cause of action is barred. Plaintiffs' contention that they had no notice of the easement until after the collapse is not fatal to Fairbury's defense: "[A]n underground [sewer] line obtained by implication or by prescription is not extinguished by a subsequent sale of the servient estate to a bona fide purchaser without knowledge or actual or con-

structive notice . . . . 'The grantor of the servient estate has no more right to convey the estate free from a nonapparent easement than he has to convey free from an apparent easement.'" *Ricenbaw v. Kraus*, 157 Neb. 723, 728, 61 N.W. 2d 350, 355 (1953). That part of the District Court's decision in favor of plaintiffs and awarding plaintiffs damages on their first cause of action is reversed and plaintiffs' first cause of action is dismissed.

On their second cause of action, plaintiffs were awarded $1,000 for damages resulting from Fairbury's failure to repair the drain. When private "property has been damaged for public use, the owner is entitled to compensation." *Quest v. East Omaha Drainage Dist.*, 155 Neb. 538, 544, 52 N.W.2d 417, 421 (1952). In determining plaintiffs' damages, the jury was correctly instructed that "'Whatever reduces the market value of real estate by the injuring of it for public use may be considered in determining the just compensation to which the property owner is entitled.'" *Luchsinger v. Loup River Public Power District*, 140 Neb. 179, 183, 299 N.W. 549, 551 (1941). The record shows that plaintiffs are entitled to damages for Fairbury's failure to repair its drain and the resulting damage to plaintiffs' property. Fairbury did not assign the amount of damages awarded as error and the judgment of the trial court is affirmed. Plaintiffs cross-appealed, assigning as error that the date for computation of damages should have been the date their claim was filed, not the date of the collapse. This argument is without merit. "Where land is not taken, the measure of damages is the difference in market value before and after the damaging . . . ." *Quest v. East Omaha Drainage Dist.*, *supra* at 544, 52 N.W.2d at 421.

Plaintiffs' assignment that it was error not to award attorney fees is likewise without merit. "'It is the practice in this state to allow recovery of attorneys' fees only in such cases as are provided for by law . . . . As a general rule of practice in this state, attorneys' fees are

allowed to the successful party in litigation only where such allowance is provided by statute.'" *In re Application of Ghowrwal, ante* p. 831, 301 N.W.2d 349 (1981). The plaintiffs chose the form of action; there is no statutory authority for awarding attorney fees in direct actions under Neb. Const. art I, § 21. An analogy to the condemnation statutes is not applicable.

The judgment of the District Court is reversed as to plaintiffs' first cause of action and that cause of action is dismissed. The judgment of the District Court on plaintiffs' second cause of action is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.