E. JAMES KULA, APPELLANT, V. KENNETH M. PROSOSKI ET AL., APPELLEES.

365 N.W.2d 441

Filed April 5, 1985.   No. 83-920.

Steven M. Curry of Sampson, Curry & Hummel, for appellant.

John Morgan of Morgan & Morgan for appellee Nance County.

BOSLAUGH, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

This was a suit for injunctive relief and damages. It arose out of alleged acts of the defendants Kenneth M. and Karen L. Prososki, adjoining landowners to the plaintiff's farm, and the defendants county of Nance and East Newman Township, the parties responsible for the construction and maintenance of a public road and culverts separating the farms of the plaintiff and the defendants Prososki.

The claim of the plaintiff was that the Prososkis filled in a natural watercourse, causing surface waters to back onto the plaintiff's land. He alleged that the other defendants raised the

adjoining highway and installed inadequate culverts so as to cause floodwaters to dam onto his land.

The district court, following trial of the matter, granted the plaintiff injunctive relief, requiring the county of Nance to install culverts of sufficient capacity to adequately drain the area in question. The defendants Prososki were enjoined from restricting the flow of water in three designated depressions. No judgment was entered against East Newman Township.

As to the prayer for damages, the trial court held that the damages sustained by the plaintiff, if any, as a result of the acts of the county of Nance were barred because of failure of the plaintiff to comply with the "Nebraska Tort Claims Act" (Political Subdivisions Tort Claims Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983)) and that the action had not properly been brought as an inverse condemnation case.

Plaintiff's sole assignment of error on appeal is the failure of the trial court to consider an award of damages for the alleged wrongful taking of his property by Nance County. Apparently, it is conceded that there was no compliance by the plaintiff with the Political Subdivisions Tort Claims Act.

We assume the district court, in ruling that the case had not properly been brought as an inverse condemnation action, relied on Neb. Rev. Stat. § 76-705 (Reissue 1981). That section provides:

> If any condemner shall have taken or damaged property for public use without instituting condemnation proceedings, the condemnee, *in addition to any other available remedy*, may file a petition with the county judge of the county where the property or some part thereof is situated to have the damages ascertained and determined.

(Emphasis supplied.) That procedure was not followed in this instance. That statute became effective in 1951.

However, Neb. Const. art. I, § 21, provides that "[t]he property of no person shall be taken or damaged for public use without just compensation therefor." When private property has been damaged for public use, the owner is entitled to seek compensation in a direct action under that constitutional provision. *Beach v. City of Fairbury*, 207 Neb. 836, 301 N.W.2d 584 (1981).

That section of the Constitution is self-executing, and legislative action is not necessary to make the remedy available. *Gentry v. State*, 174 Neb. 515, 118 N.W.2d 643 (1962). The fact that the plaintiff could have sued in tort under the Political Subdivisions Tort Claims Act does not preclude him from proceeding in a direct action for damages under the Constitution. *City of Omaha v. Matthews*, 197 Neb. 323, 248 N.W.2d 761 (1977).

Additionally, a landowner is not precluded from bringing an action for a mandatory injunction against public authorities to prevent damage to the owner's land caused by a public improvement when the public authorities have declined to exercise their right of eminent domain. Also, the plaintiff had the right to join with his action for equitable relief his claim for temporary damages. *Armbruster v. Stanton-Pilger Drainage Dist.*, 165 Neb. 459, 86 N.W.2d 56 (1957).

It is not indispensable that the constitutional provision be set out or its existence alleged in the petition stating the cause of action. *Patrick v. City of Bellevue*, 164 Neb. 196, 82 N.W.2d 274 (1957). All that is necessary is that the litigant allege and prove facts constituting a cause of action because of it. Neb. Rev. Stat. § 25-804 (Reissue 1979). Therefore, it is necessary to consider both the pleadings and evidence to determine whether a cause of action for property damaged for a public use existed.

In this instance the plaintiff alleged that the county of Nance graded the highway in such a manner as to raise and narrow the surface thereof; that such action blocked the natural flow of surface waters across the highway and caused such waters to back up and onto the plaintiff's land; that as a result of those acts, the land became unfit for the use for which it was intended; and that the reasonable rental value of that land was $3,000 for the year 1979; and further alleged loss of yield for the 1982 crop-year and expected loss of yield for the 1983 crop-year.

That the grading of the highway was for a public use cannot be doubted. As a matter of law, the counties are charged with the responsibility of maintaining roads for the use of the public. Neb. Rev. Stat. § 39-1501 (Reissue 1984).

The trial court should have considered the plaintiff's claim for damages. Accordingly, the judgment of the trial court is

reversed, and the cause is remanded to the district court for further proceedings. *Patrick v. City of Bellevue, supra.*

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.