RICHARD D. PARRIOTT ET AL., APPELLANTS, V. DRAINAGE
DISTRICT NO. 6 OF PERU, NEBRASKA, AND BURLINGTON
NORTHERN RAILROAD COMPANY, A CORPORATION, APPELLEES.
410 N.W.2d 97

Filed July 31, 1987.   No. 85-859.

John J. Higgins of Higgins, Okun & Calkins, and Dwight
Griffiths, for appellants.

Albert G. Fuller and William C. Nelson of Fuller &
Chatelain, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

GRANT, J.

Plaintiffs, Richard D. Parriott, John J. Kozak, Sarah E.
Kozak, and Mary Dunn, appeal from an order of the district
court for Nemaha County sustaining the demurrer of
defendant-appellee Drainage District No. 6 of Peru, Nebraska,
to plaintiffs' petition. Plaintiffs allege the district court erred in
sustaining the demurrer on the basis that plaintiffs failed to
allege compliance with the Political Subdivisions Tort Claims
Act, Neb. Rev. Stat. §§ 23-2401 et seq. (Reissue 1983). For the
reasons hereafter stated, the order of the district court is
reversed and the cause remanded for further proceedings.

The record shows that plaintiffs are the present owners and
tenant in possession of approximately 240 acres of land located
in Nemaha County, Nebraska. On June 13, 1985, they filed a
petition in the district court for Nemaha County seeking
damages as a result of the defendants' alleged negligence in

failing to maintain a drainage ditch in proper repair, thereby resulting in the flooding of plaintiffs' land. The petition sought damages to plaintiffs' crops in the amount of $19,987.28. Defendant drainage district filed a demurrer to the petition on August 14, 1985, stating that the petition failed to state a cause of action in that it did not allege compliance with the Political Subdivisions Tort Claims Act. On September 18, 1985, the district court sustained the demurrer and gave the plaintiffs 10 days to amend their petition. Plaintiffs filed their amended petition on September 26, 1985, alleging that the defendant drainage district is a quasi corporation formed for the sole and exclusive benefit of the territory lying within the district for which it was formed and is not a governmental agency or unit of local government as contemplated by the Nebraska Political Subdivisions Tort Claims Act. Defendant drainage district demurred to the amended petition, again stating the petition did not state a cause of action in that it did not allege compliance with §§ 23-2401 et seq. The district court found that there was no allegation in the petition that plaintiffs had complied with the Political Subdivisions Tort Claims Act, sustained the demurrer, and dismissed the amended petition as to the defendant drainage district. Plaintiffs timely appealed to this court.

Plaintiffs in their first assignment of error contend that the trial court erred in holding that defendant drainage district is a political subdivision, thereby mandating compliance with the provisions of the Political Subdivisions Tort Claims Act before a suit can be instituted. Plaintiffs contend that a drainage district is not a political subdivision and therefore is not subject to the Political Subdivisions Tort Claims Act. We determine this contention is without merit.

While a drainage district has not been specifically listed as a political subdivision, as contemplated by the Political Subdivisions Tort Claims Act, this court has held that a corporation created for the purpose of conducting the affairs of a drainage district is a public corporation and a body politic, politically organized and engaged in the exercise of political functions. *Wellensiek v. Drainage Dist. No. 1*, 172 Neb. 869, 112 N.W.2d 267 (1961). We have defined a political subdivision

as a body which contemplates geographical area and boundaries, public elections, taxing power, and a general purpose or benefit. *Catania v. The University of Nebraska*, 204 Neb. 304, 282 N.W.2d 27 (1979). A drainage district, as established by Neb. Rev. Stat. §§ 31-301 et seq. (Reissue 1984), contains each of these qualities of a political subdivision. Section 31-301 states that the drainage district may have articles of association in which the limits of the proposed district shall be stated. Sections 31-306 and 31-307 provide for the election of the first board of supervisors and for annual elections thereafter. The authority to levy taxes is found in §§ 31-330 and 31-333, which provide that "the board of supervisors . . . may at once levy tax on the lands and other property in the district" and shall "annually thereafter determine, order, and levy the amount of the installment of the tax hereinbefore named . . . ." Finally, § 31-321 gives to the drainage district the power of eminent domain, which, as stated in the Constitution, must be used for a public purpose and benefit. Therefore, for purposes of compliance with the Political Subdivisions Tort Claims Act in actions arising in tort law, we hold a drainage district to be a political subdivision within the meaning of the Political Subdivisions Tort Claims Act, and, therefore, compliance with §§ 23-2401 et seq. is a condition precedent to the institution of a tort action against a drainage district. The failure to allege that the condition had been met is a fatal defect to such a suit. *Utsumi v. City of Grand Island*, 221 Neb. 783, 381 N.W.2d 102 (1986). Courts in other jurisdictions have also reached the conclusion that drainage districts are political subdivisions. See, *Kaw Drainage Dist. v. Attwood*, 229 Kan. 594, 629 P.2d 163 (1981); *Reed v. Muscatine—Louisa Drain. Dist. No. 13*, 263 N.W.2d 548 (Iowa 1978); *Stark v. Bailey Drainage Dist.*, 505 So. 2d 566 (Fla. App. 1987).

Plaintiffs' second assignment of error is that the trial court erred in sustaining defendant's demurrer and dismissing plaintiffs' amended petition as to the drainage district. While our holding that a drainage district is a political subdivision requires compliance with §§ 23-2401 et seq. prior to the institution of a tort action, the fact that the plaintiffs did not allege compliance in their amended petition is not fatal in the

case at bar. In Nebraska it is the rule that pleadings are to be liberally construed, and if with such construction a petition states a cause of action against a defendant and in favor of a plaintiff, a demurrer thereto should be overruled. *Waite v. Samson Dev. Co.*, 217 Neb. 403, 348 N.W.2d 883 (1984). Under a code system of pleading, such as Nebraska's, it is not necessary to state a cause of action in any particular form. It is only necessary to plead the facts, and not the theory of recovery. *Waite v. Samson Dev. Co., supra.*

In the case at bar, plaintiffs' petition alleges that due to the failure to maintain and repair defendant drainage district's ditch, plaintiffs' land was flooded, resulting in damages to crops in the amount of $19,987.28. A drainage district, such as defendant, has been shown to be a political subdivision which by virtue of § 31-321 holds the power of eminent domain to be used for public purpose and benefit. When private property has been damaged for public use, alleged as in the case at bar, the property owners are entitled to seek damages in a number of ways. The landowners could have sued in tort under the Political Subdivisions Tort Claims Act, or could have sought compensation for an action for inverse condemnation under Neb. Rev. Stat. §§ 76-701 to 76-725 (Reissue 1981 & 1986). *City of Omaha v. Matthews*, 197 Neb. 323, 248 N.W.2d 761 (1977). Additionally, when private property has been damaged for public use, the owner is entitled to seek compensation in a direct action under Neb. Const. art. I, § 21. *Kula v. Prososki*, 219 Neb. 626, 365 N.W.2d 441 (1985); *Baum v. County of Scotts Bluff*, 169 Neb. 816, 101 N.W.2d 455 (1960). Merely because the landowners could have sued in tort under the Political Subdivisions Tort Claims Act does not preclude them from bringing a direct action for damages under Neb. Const. art. I, § 21.

Further, it is not necessary that Neb. Const. art. I, § 21, the specific provision of the Constitution relating to damage for a public use, be set out in the pleadings, or even its existence alleged. The pleading will be sufficient as against a general demurrer if it alleges facts which constitute a cause of action. *Kula v. Prososki, supra.* Neb. Const. art. I, § 21, is a self-executing provision which does not require legislative

action to make the remedy available. *Kula v. Prososki, supra; Wood v. Farwell Irr. Dist.*, 217 Neb. 511, 349 N.W.2d 633 (1984). In a suit to recover damages for a public use, if the fact is established that the property has in fact been damaged for a public use, the landowner is entitled to compensation. *Armbruster v. Stanton-Pilger Drainage Dist.*, 169 Neb. 594, 100 N.W.2d 781 (1960). The amended petition in the case at bar sufficiently pled the facts establishing a cause of action for damage to the property for public use, which if proved entitled the plaintiffs to compensation under Neb. Const. art. I, § 21.

We hold that the trial court improperly sustained defendant's demurrer to plaintiffs' amended petition and erred in dismissing the petition as to the drainage district. Therefore, the order of the district court for Nemaha County is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.