DAVID DISHMAN AND BARBARA DISHMAN, APPELLANTS, V. NEBRASKA PUBLIC POWER DISTRICT, APPELLEE.

482 N.W.2d 580

Filed April 10, 1992.    No. S-89-850.

Claude E. Berreckman, of Berreckman & Berreckman, P.C., for appellants.

Gary L. Scritsmier and Lori J. Siewert, of Kelley, Scritsmier & Byrne, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

The appellants, David and Barbara Dishman, husband and wife, brought an action seeking to enjoin the appellee, Nebraska Public Power District, from flooding the basement of their home in the future and to recover damages for the flooding it had caused in the past. The trial court dismissed the action in its entirety. The Dishmans complain only of the trial court's failure to award them damages, asserting, in summary, that the court erred in concluding they had not complied with the notice requirement of the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-905 (Reissue 1991). For the reasons detailed hereinafter, we remand for further proceedings consistent with this opinion.

While the parties focus on the notice requirement of the tort claims act, we do not concern ourselves with that issue, for the Dishmans' petition states an action for inverse condemnation, which is not subject to the act.

The applicable law is found in *Kula v. Prososki*, 219 Neb. 626, 365 N.W.2d 441 (1985). Therein, a landowner brought an action seeking to enjoin Nance County and others from flooding his land in the future and to recover damages from the county for the past flooding. The district court enjoined the county from flooding the land in the future but concluded the landowner could not recover damages from the county because he had complied neither with the provisions of the tort claims act nor with the requirements of the inverse condemnation statute, Neb. Rev. Stat. § 76-705 (Reissue 1990). The *Kula* court reversed the denial of damages, noting that the constitutional provision which prohibits the state from taking or damaging property without just compensation, Neb. Const. art. I, § 21, was self-executing. The court further ruled that a cause of action under the provision could be stated without specifically mentioning the provision, declaring that a litigant need only "allege and prove facts constituting a cause of action" under the constitutional language. 219 Neb. at 629, 365 N.W.2d at 443. *Kula* also proclaimed that the fact that the landowner could have sued under the tort claims act did not prevent the landowner from suing under the Constitution.

In holding the defendant county liable for flood damages,

*Slusarski v. County of Platte*, 226 Neb. 889, 416 N.W.2d 213 (1987), again applied the rule that when a political subdivision with the power of eminent domain damages property for a public use, the property owner may seek damages in an action for tort, in a statutory action for inverse condemnation, or in a constitutional action for inverse condemnation. See, also, *Uhing v. City of Oakland*, 236 Neb. 58, 459 N.W.2d 187 (1990) (landowners who failed to comply with the tort claims act held to nonetheless have adequately pled constitutional inverse condemnation action); *Parriott v. Drainage Dist. No. 6*, 226 Neb. 123, 410 N.W.2d 97 (1987).

The petition before us alleges that on July 25, 1986, the Dishmans sustained flood damage as the result of the district's actions. Inasmuch as the district enjoys the power of eminent domain, Neb. Rev. Stat. § 70-670 (Reissue 1990), the petition does indeed state a constitutional inverse condemnation action.

However, the abbreviated record brought to us deals only with the notice issue; consequently, although we determine that the Dishmans have stated a cause of action, we cannot determine whether they have proved what they stated.

REMANDED WITH DIRECTION.