REQUESTED BY: Lawrence R. Myers, Executive Director Nebraska Equal Opportunity Commission
Is a Rural Water District an employer within the meaning of the Fair Employment Practice Act?
Yes.
You have asked whether a Rural Water District is an employer within the meaning of the Fair Employment Practice Act (FEPA) by virtue of being a governmental agency or political subdivision.
The definition of the term "employer" under FEPA is found at Neb. Rev. Stat. § 48-1102(2) (Supp. 1993). This section provides that the term shall include "the State of Nebraska, governmental agencies, and political subdivisions". We conclude that Rural Water Districts fit within this definition.
In Parriott v. Drainage Dist. #6 of Peru, 226 Neb. 123, (1987), the Nebraska Supreme Court defined a political subdivision as "a body which contemplates geographical area and boundaries, public elections, taxing power, and a general purpose of benefit." Id. at 125, citing Catania v. The University of Nebraska, 204 Neb. 304 (1979). In Parriott, the Nebraska Supreme Court concluded that drainage districts were political subdivisions for purposes of the Political Subdivisions Tort Claims Act, because the drainage districts had each of the qualities of a political subdivision.
Rural Water Districts are organized pursuant to Neb. Rev. Stat. § 46-1001 et seq. (1988, and Supp. 1993). A Rural Water District may be established by filing a petition with the county board requesting incorporation of a District and defining the boundaries of the proposed District. Neb. Rev. Stat. § 46-1003 (1988). Rural Water Districts have (1) the power of eminent domain to acquire land or interests in land within the District . . .; (2) the power to sue and be sued; (3) the power to contract; (4) the power to hold real estate and personal property (5) the power to construct, install, maintain and operate ponds, reservoirs, pipelines, wells, check dams, pumping installations, and other facilities for the storage, transportation, or utilization of water; and (6) the power to borrow money for the financing of the cost of construction or purchase of any projects necessary to carry out the purposes for which the District was organized. Neb. Rev. Stat. § 46-1008 (1988).
Because the Rural Water Districts do not have the power to tax and do not have public elections, Rural Water Districts do not have all the qualities of political subdivisions as defined in Parriott. So, it is necessary to determine whether Rural Water Districts are governmental agencies.
In Roggasch v. Region IV Ofc. of Developmental Dist.,228 Neb. 636 (1988), the Nebraska Supreme Court held that the Region IV Office of Developmental Disabilities was a governmental agency. The court stated that an important consideration was the fact that Region IV acted as an arm of the counties involved, which were creatures of the state. Region IV was organized under authority granted by state statute for the purpose of carrying out, in part, the responsibilities of the Office of Mental Retardation of the Department of Public Institutions. As such, Region IV was a state agency.
It is apparent that Rural Water Districts are arms of the counties, organized under the authority of state statutes, for the purpose of allowing the participating governments to supervise and allocate resources efficiently. So, the Rural Water Districts satisfy the definition of a governmental agency under Roggasch, 228 Neb. 641-42.
Other states have also concluded that water districts are governmental agencies for purposes of their statutes. In Laguna Beach County Water District v. Orange County,30 Cal.App.2d 740, 87 P.2d 46, 48 (1939), the court held that a county water district was a "governmental agency" exercising governmental powers. In Bennett v. Brown County Water Imp. Dist. #1, 153 Tex. 599, 272 S.W.2d 498, 501, (1954), the court stated that a county water improvement district was a "governmental agency" and "body politic" governed by law applicable to counties. Based upon the foregoing authority, we conclude that Rural Water Districts are arms of the county, organized under authority of state statutes, for the purpose of allowing the participating governments to supervise and allocate resources efficiently, and as such are governmental agencies and "employers" within the meaning of FEPA.
Sincerely, DON STENBERG Attorney General Alfonza Whitaker Assistant Attorney General APPROVED BY: ______________________________ DON STENBERG, Attorney General 29-996-5.2